

**PRICE DANIEL**
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

April 9, 1948

Hon. Elmer H. Parish,
District Attorney,
Thirteenth Judicial District,
Wichita Falls, Texas

Opinion No. V-538

Re: Liability for compensation to stenographer for taking and transcribing testimony at an inquest.

Dear Sir:

     We refer to your letter of March 15, 1948, in which you submit the following:

> "We would like for you to submit an opinion to us as to whether or not a $150.00 fee of a reporter for taking testimony at an inquest and transcribing the testimony is a proper and necessary expense to be paid as expenses of the County Attorney.
>
> ° • °
>
> ". ° . The Justice of the Peace called an inquest on the case and advised both the County and District Attorney's offices that said inquest would be heard on August 1st. The County Attorney desired to have the testimony of the witnesses transcribed in question and answer form to aid and assist him in the prosecution of the case should a criminal charge result. For this purpose he made arrangements to have a reporter present to take down the testimony and transcribe the same.
>
> "The hearing consumed two days and the reporter submitted a bill to the County Attorney for the sum of $150.00. All the testimony introduced in the trial was

transcribed by the reporter in question and answer form. After a study of the Statement of Facts, no criminal charge was filed. The County Attorney submitted the bill of the reporter to the Commissioners' Court as a reasonable expense necessary in the proper and legal conduct of his office. The Commissioners' Court failed to approve the bill or authorize the payment by the County Attorney but did authorize the Justice of the Peace to pay the same.

"In Wichita County the County Attorney receives a fixed salary as compensation for his services and the Justice of the Peace is on a fee basis."

As we construe your letter, the question is as to whether the Justice of the Peace or the county is liable for the compensation to the reporter employed by the County Attorney to take and transcribe the evidence in the inquest proceedings in question and answer form to assist the County Attorney in the prosecution of an anticipated criminal charge.

The authority and duties of Justices of the Peace concerning inquests are prescribed in Articles 968-989, and 1053, V. C. C. P.

Article 975 reads:

"Witnesses shall be sworn and examined by the justice and their testimony reduced to writing by or under his direction, and subscribed by them."

Article 987, V. C. C. P. requires the Justice of the Peace to "certify to the proceedings and shall enclose in an envelope the testimony taken" etc.

Article 1053, V. C. C. P. reads, in part:

"A Justice of the peace shall be entitled, for an inquest on a dead body, including certifying and returning the proceedings to the proper court, the sum of Ten Dollars ($10) to be paid by the county."

You say that the inquest was held because a
question was raised that the death was under circum-
stances which may have constituted negligent homicide,
and that "the County Attorney desired to have the tes-
timony of the witnesses transcribed in question and
answer form to aid and assist him in the prosecution
of the case should a criminal charge result.  For this
purpose he made arrangements to have a reporter pres-
ent to take down the testimony and transcribe the same."

The question is as to whether the County At-
torney was authorized to incur such expense to be paid
by Wichita County under section b of Article 3899, V.C.S.,
the pertinent part of which reads:

"Each officer named in this act where he re-
ceives a salary as compensation for his ser-
vices shall be entitled and permitted to
purchase or charge to his county all reason-
able expenses necessary in the proper and
legal conduct of his office."

The County Attorney was present at the inquest
in the "legal conduct of his office."

Article 977, which prescribes procedure in in-
quest proceedings, reads in part:

"If any other persons than the justice,
the accused and his counsel, and the coun-
sel for the State, are present at the in-
quest, they shall not interfere with the pro-
ceedings.  No question shall be asked a wit-
ness, except by the justice, the accused or
his counsel, and the counsel for the State."

Article 26, V. C. C. P., reads, in part:

"The County Attorney shall attend the
terms of all courts in his county below the
grade of district court, and shall represent
the State in all criminal cases under exam-
ination or prosecution in said county."

In the case of Meyers v. State, 26 S. W. 196,
an inquest had been held.  The testimony of a witness

was taken in the presence of the defendant and his counsel, who were offered the privilege of cross-examination, which offer was refused. The witness died and on trial the defendant objected to the evidence taken because it was taken at an inquest. The Court of Criminal Appeals said: "It seems wholly immaterial whether the justice styled the proceeding an 'inquest' or an 'examining trial' . . . ." and held the evidence admissible on final trial of a charge of murder against the defendant. The Court held that the justice of the peace may hold an examining trial while holding an inquest. In either such case the defendant may cross-examine witnesses and the County Attorney has the duty to be present and represent the State.

In Opinion No. O-3670, a Conference Opinion by a former Attorney General, it was held that expenses incurred by the County Attorney, compensated on salary basis, in attending justice courts in line of duty in the county outside of the county seat are "expenses necessary in the proper and legal conduct of his office" within the quoted language from Article 3899, V. C. S., and payable by the county.

We are of the opinion that Justices of the Peace are not required to have the testimony in an inquest proceeding taken and transcribed in question and answer form or to pay for such service rendered by the reporter.

We are also of the opinion that, in the factual situation stated in your letter, the County Attorney whose compensation for services is on a salary basis, was acting in the proper and legal conduct of his office, and was authorized to employ the reporter to take and transcribe the testimony in the inquest proceeding in question and answer form for use in the prosecution of an anticipated criminal charge.

### SUMMARY

Justices of the Peace are not required to transcribe testimony, taken by or under their direction in an inquest proceeding, in question and answer form.

The County Attorney of Wichita County was authorized to require that the testimony taken at an inquest be transcribed in question and answer form for use by him in the conduct of his office in investigating circumstances concerning a death and to employ a reporter to take and transcribe such testimony at the expense of the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb
Encl.

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL