UNITED STATES, Appellee

v

WILLIAM PEARSON, Private, U. S. Army, Appellant

15 USCMA 63, 35 CMR 35

No. 17,664

September 18, 1964

Colonel Joseph L. Chalk, and Captain Charles W. Schiesser, and First Lieutenant Gerald L. Kesten were on the brief for Appellant, Accused.[1]

Colonel Bruce C. Babbitt, Lieutenant Colonel Francis M. Cooper, and Captain Charles M. Pallesen, Jr., were on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

The accused contends enlisted personnel below the senior noncommissioned ranks were arbitrarily excluded from consideration for membership on courts-martial. The evidence shows that in submitting requests for prospective enlisted court members, the staff judge advocate asked only for persons in a grade senior to that of the accused. That limitation is authorized by Article 25 of the Uniform Code of Military Justice, 10 USC § 825. The affidavits of the persons who participated in the selection process indicate their only purpose in choosing their nominees was to obtain mature and experienced enlisted men, whose training and duty assignments made them available for the trial. We find nothing in the evidence to cast doubt on the propriety of the selection process. United States v Crawford, 15 USCMA 31, 35 CMR 3.

The decision of the board of review is affirmed.

FERGUSON, Judge (concurring in the result):

I concur in the result.

The record made in this case indicates there was no systematic and intentional exclusion of lower enlisted grades from participation in the court-martial process. The sole instruction communicated in guidance to those nominating prospective members was that "the man nominated must be senior in grade to the accused." Those concerned "never specify particular grades." One personnel specialist indicated that, in his regiment, aside from noncommissioned officers, only "cooks, clerks or trainees" are present for duty. Another indicated his belief that "only mature people should sit on a General Court-Martial" and "[m]ost of my E–4's and lower are first term enlistees with little experience." One sergeant major, who could recall only two requests for court members, did recall that a single nomination requested "an enlisted man in the grade of E–7 or above," but that

---

1. Brief under Article 38(c), Uniform Code of Military Justice, 10 USC § 838, filed by Trial Defense Counsel, First Lieutenant Robert E. Winn.

other echelons of command actually designated the nominees. The only reason which he could assign for the use of noncommissioned officers on courts-martial was the belief "that they alone have the necessary experience and military justice training." Another declared that the standard utilized for nominees was "someone who is mature and experienced."

These facts are far different from those involved in the other cases before us, and indicate adherence to the standards set forth by Congress in Uniform Code of Military Justice, Article 25, 10 USC § 825. Thus, while

I adhere fully to the views which I expressed in my dissenting opinion in United States v Crawford, 15 USCMA 31, 35 CMR 3, I concur in the affirmance of the decision of the board of review.

KILDAY, Judge (concurring in the result):

I concur in the result.

For the reasons set forth in my separate opinion in United States v Crawford, 15 USCMA 31, 35 CMR 3, I concur in the affirmance of the decision of the board of review.