## UNITED STATES

v

## WILLIAM L. CALLEY, JUNIOR, First Lieutenant, U. S. Army

### 19 USCMA 96, 41 CMR 96

Miscellaneous Docket No. 69–71

December 2, 1969

### Memorandum Opinion of the Court

The trial counsel and defense counsel of a general court-martial appointed by Court-Martial Convening Order Number 70, Headquarters U. S. Army Infantry Center and Fort Benning, dated November 24, 1969, have filed a "Joint Petition for Injunction or Other Extraordinary Relief," and the Court has conducted a hearing on said Joint Petition.

The parties contend that television, radio, newspaper, and news magazine accounts of the events of March 16, 1968, resulting in charges against First Lieutenant William L. Calley, Jr., which have been referred to the above described general court-martial, threaten the right of Lieutenant Calley to a fair trial and the integrity of the military judicial system. To protect both, they ask this Court to restrain the three major television networks, certain named daily newspapers, news magazines, and wire services, as well as "all radio and television networks and stations, newswire services, newspapers, and magazines operating or otherwise doing business in the United States of America or any territory thereof," from publishing the statements of any witness to the events giving rise to the charges against Lieutenant Calley, or any photographs, sketches, or other pictorial reproductions purporting to represent the bodies of persons allegedly killed in the village of My Lai 4, Republic of Vietnam, on March 16, 1968; this Order, the parties believe, should remain in effect until the first witness testifies on the merits, at the contemplated trial.

We need not explore the power of this Court, or of any other tribunal, to impose pre-publication limitations by way of injunction, or otherwise, upon the freedoms of speech and of press. Nor do the facts require us to propound rules for the resolution, prior to trial, of anticipated conflicts between the individual's right to a fair trial and the rights of freedom of speech and of press.

Determining the propriety and accuracy of the news stories they dis-

seminate is the responsibility of the publishers. Ensuring against the intrusion of news reports or other influences tending to prejudice the fair and orderly administration of justice is the primary responsibility of the Military Judge. Neither should be permitted to overwhelm the other for both a responsible press and a fair trial are constitutionally protected.

In the instant case, the Military Judge appointed to preside at the trial of Lieutenant Calley has ordered the members of the court-martial "not to discuss this case with anyone and to refrain from intentionally listening to or reading any news or other accounts of this or any other closely allied trial." He has further ordered every prospective witness "not to discuss with or disclose to anyone, any information or evidence he may possess concerning this alleged offense." The failure of a court member to comply fully with this Order may be ascertained upon the convening of the court-martial, and appropriate steps may be initiated to exclude him from participation in the trial in accordance with Article 41(a), Uniform Code of Military Justice, 10 USC § 841.

Other measures available to the Military Judge are outlined in Sheppard v Maxwell, 384 US 333, 16 L Ed 2d 600, 86 S Ct 1507 (1966), and should be used as required by the circumstances as they exist at the time of trial.

Since the measures heretofore directed by the Military Judge and those available to the accused at the trial appear sufficient to insulate the court members from outside influence and to guarantee Lieutenant Calley a fair trial, there is no basis for the extraordinary relief of curtailing future publications and speech. Accordingly it is, by the Court, this 2d day of December 1969, ordered that said Joint Petition be, and the same is hereby, denied.