ROGER LEE PRIEST, Journalist Seaman Apprentice, U. S. Navy, Petitioner

v

GEORGE P. KOCH, Rear Admiral, USN, Commandant, Naval District, Washington, D. C.;

B. RAYMOND PERKINS, Captain, JAGC, USNR, Military Judge; and

THOMAS JEFFERSON JIMMERSON, JR., Commander, JAGC, USN, Trial Counsel, Respondents

19 USCMA 293, 41 CMR 293

Miscellaneous Docket

No. 69–73

March 13, 1970

*David Rein, Esquire,* argued the cause for Petitioner. With him on the brief were *Lieutenant Gary W. Brown,* JAGC, USNR, and *Lieutenant James S. Bailey,* JAGC, USNR.

*Lieutenant Chesney D. Floyd,* JAGC, USNR, argued the cause for Respondents. With him on the brief were *Lieutenant Colonel Charles J. Keever,* USMC, *Lieutenant Colonel Lawrence G. Bohlen,* USMC, *Lieutenant Thomas J. Donegan, Jr.,* JAGC, USNR, and *Lieutenant John J. McGrath, Jr.,* JAGC, USNR.

## Opinion of the Court

QUINN, Chief Judge:

This is an application to prohibit the Government from bringing the accused to trial on two specifications that had been dismissed by the military judge at pretrial proceedings under the provisions of Article 39(a), Uniform Code of Military Justice, 10 USC § 839, but which were returned to the court-martial by the convening authority, acting pursuant to the provisions of Article 62(a), Code, supra, 10 USC § 862.

Eight specifications alleging violations of the Uniform Code of Military Justice were referred to trial by a gen-

294

eral court-martial convened by the Commandant, United States Naval District, Washington, D. C. At a pretrial hearing before the military judge, the petitioner presented a number of motions to dismiss the charges. The first was a motion to dismiss all charges because the prosecution was in violation of Department of Defense Directive No. 1325.6, September 12, 1969, dealing with the publication of "underground newspapers"; that motion was denied. The second motion was to dismiss on the ground that trial by court-martial for the alleged acts of misconduct was contrary to the limitation on court-martial jurisdiction expounded in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and United States v Borys, 18 USCMA 547, 40 CMR 259 (1969); that motion was denied. A third motion was predicated upon insufficiency of the matters alleged in each specification to state an offense in violation of the Uniform Code. This motion was granted to the extent of dismissing Charge I and its two specifications.

In substance, each of the specifications in issue alleged that, in violation of Article 82, Code, supra, 10 USC § 882, by "statements in pamphlets" which were set out in the specifications, the accused solicited members of the military and naval forces of the United States to desert. The judge ruled the specifications were legally insufficient because there was no allegation as to distribution of the pamphlets. "[W]ithout distribution," he said, "there could be no solicitation." After consideration of several other matters, the pretrial proceedings were postponed to allow trial counsel to appeal the order of dismissal to the convening authority under the provisions of Article 62(a), Code, supra, and paragraph 67f, Manual for Courts-Martial, United States, 1969 (Revised edition). The convening authority held a hearing on the matter, and concluded the military judge was in error. Accordingly, he directed "reconsideration" of the dismissal. When the pretrial proceedings reconvened, the military judge acceded to the convening authority's determination, rescinded the order dismissing the specifications, and denied the motion to dismiss. The proceedings were again postponed; this time to allow petitioner to apply to this Court for the relief to which he deemed himself entitled.

Petitioner challenges the power of the convening authority to review the trial judge's ruling. He acknowledges that Article 62(a) invests the convening authority with power to "return the record to the court for reconsideration" of a ruling that dismisses a specification "on motion," but which "does not amount to a finding of not guilty." He also acknowledges that this Court sustained the exercise of such power by the convening authority in returning to the court-martial a charge which had been dismissed on motion for lack of a speedy trial. United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968). He contends, however, that neither Article 62(a) nor our decision in *Boehm* is applicable to his situation. The substance of his argument is that the Article and the decision may be appropriate to a special court-martial case in which the presiding officer is not a military judge, but the position of independence of a military judge of a general court-martial, as confirmed and enlarged by the Military Justice Act of 1968, Public Law 90–632, 90th Congress, 2d Session, 82 Stat 1335, is such that his determination of a point of law cannot, as a matter of due process, be overturned by a convening authority, especially one untrained in the law. As expressed in his brief, the "convening authority is not a lawyer, and is not equipped to act in an appellate role. His business is commanding, not reviewing judicial decisions."

Certain anomalies in military practice exist in comparison with the procedures in the Federal civilian courts, but a difference of procedure is not tantamount to a due process defect. See United States v Turkali, 6 USCMA 340, 20 CMR 56 (1955); United States v Keith, 1 USCMA 442, 4 CMR 34 (1952). Appellate judges are lawyers and, by and large, convening authorities are not, but Congress has invested the

295

convening authority with "judicial" powers and responsibilities in connection with the administration of the military criminal law. Unites States v Nix, 15 USCMA 578, 36 CMR 76 (1965). The Constitution recognizes the separation of the powers of Government into such categories as legislative, executive, and judicial; it also recognizes a concurrence of different powers in a single office. The Senate of the United States, for example, is empowered to try impeachments of officers of the United States; and the Supreme Court of the United States has accepted authority to promulgate rules for civil, criminal, and bankruptcy practice, a function which is essentially legislative in nature.

We perceive no constitutional impediment to investiture, by Congress, of a convening authority with ▆▆▆▆▆ certain judicial powers in ▆▆▆▆▆ relation to the administration of military justice because he is not specially trained in the law. In view of the modern means of transportation and communication, Congress might perhaps have allowed appeal by the Government in matters of the kind in issue to the Court of Military Review of the particular armed force, instead of to the convening authority in the field. It did not, however, do so. The Military Justice Act of 1968 adds substantially to the powers of a military judge at trial, as the petitioner contends, but it contains nothing pertinent to the provisions of Article 62 (a). In short, the Article remained unchanged in language and purpose after enactment of the 1968 Act. Also, Article 62(a) does not, as the petitioner contends, confine the Government's right to appeal to the convening authority from a trial ruling dismissing a specification to cases before special courts-martial. True, United States v Boehm, supra, involved an appeal from a special court-martial case. The footnote reference to Gale v United States, 17 USCMA 40, 37 CMR 304 (1967), which was a general court-martial case, and our discussion of the subject indicated that Article 62(a) makes no distinction as to the kind of court-martial

covered by its provisions. If the point was not manifest in *Boehm*, we hold now that, as its terms indicate, Article 62(a) applies equally to all courts-martial.

Since Article 62(a) refers to review of the "record," it is contended that its provisions are inoperative until the conclusion of the case and then only as part of the ordinary, initial review of the entire proceedings by the convening authority. From that premise, the argument proceeds to the conclusion that appeal from a trial ruling to the convening authority in advance of determination of all of the charges referred to trial results in an impermissible intrusion by the convening authority into the trial. We rejected an essentially similar argument by the Government in opposition to a petition for a Writ of Prohibition in Gale v United States, supra. Some additional comments are appropriate.

It is certainly true that a convening authority cannot intrude into the trial of a case and subject rulings of law by the military judge to his immediate review. United States v Knudson, 4 USCMA 587, 16 CMR 161 (1954). No intrusion, however, is present in a situation like that before us.

Military practice favors the joinder of all charges against an accused in a single trial. The practice has the advantage of subjecting the accused to a single trial and to a single sentence for all outstanding offenses. United States v Keith, supra, at page 448. Separate charges, however, retain their separate identity, although joined for trial. United States v Gann, 3 USCMA 12, 11 CMR 12 (1953); United States v Best, 4 USCMA 581, 16 CMR 155 (1954). The concept of separateness is apparent in Article 62(a).

As we read the Article, and in fact as we have applied it in such cases as Gale v United States, supra, ▆▆▆▆▆ and Fleiner v Koch, 19 USCMA 630 (1969), the "record" it refers to is not the record of proceedings from the convening of the court-martial to the sentence, but rather the record of the proceedings on

the particular specification which was ordered dismissed. This construction is consistent with the purpose intended to be served by joinder of all charges against the accused, that is, a single trial with a single sentence for all offenses. If, as happened here, the Government appeals the dismissal and the convening authority disagrees with the order of dismissal, the specification can be returned to the court-martial for trial with the other charges and, if conviction results, the accused can be sentenced on all the charges. On the other hand, if the Government must wait until proceedings on the remaining charges are complete before it can seek review of the dismissal, as the petitioner contends it must, the accused may be subject to a second trial and to another sentence. Sentencing the second time may be unfair to the Government because "reconsideration" cannot result in an increase in the severity of the sentence (Article 62(b)(3), Code, supra); yet, the original sentence, according to the procedure advocated by the petitioner, would have been predicated upon only part of the total findings of guilty. No comment in the legislative hearings on the Uniform Code of Military Justice supports the petitioner's construction of the Article. See United States v Boehm, supra. Thus, guided by the language of the Article and considering it in context of the joinder practice, we conclude that immediate review by the convening authority of the dismissal at trial of a specification on a legal ground not amounting to acquittal is not, under Article 62(a), an unlawful intrusion into the court-martial proceedings.

Adverting to the concept of fairness inherent in due process, the petitioner argues that review by the convening authority is improper because he previously referred the charges to trial. Before referring a charge to trial, the convening authority must find that it "alleges an offense" under the Uniform Code. Article 34(a), Code, supra, 10 USC § 834. The petitioner contends that thereafter the convening authority cannot be expected to admit that he "had been in error in the first place." The problem of incompatible roles in court-martial proceedings is not new. See United States v Coulter, 3 USCMA 657, 14 CMR 75 (1954); United States v Klunk, 3 USCMA 92, 11 CMR 92 (1953); United States v Donati, 14 USCMA 235, 241, 34 CMR 15 (1963). We need not retell the incidents of the past. Suffice it that we think Article 62(a) does not depart from the rule of fairness.

In many cases, the basis for dismissal of a specification at trial may not previously have been considered by the convening authority. As a result, it can properly be said that review by the convening authority is in the nature of an appeal. See United States v Boehm, supra. So far as the legal sufficiency of a charge is concerned, the issue is, as we have noted, not new to the convening authority. When asked to consider the matter again, the application is more in the nature of a rehearing than an appeal. Judicial authorities are not disqualified from reconsidering a question of law previously presented to them. Henry v Hodges, 171 F 2d 401 (CA 2d Cir) (1948), certiorari denied, 336 US 968, 93 L Ed 1119, 69 S Ct 937 (1949); see also Federal Trade Com. v Cement Institute, 333 US 683, 92 L Ed 1010, 68 S Ct 793 (1948), and Deitle v United States, 302 F 2d 116 (CA 7th Cir) (1962). As Judge Learned Hand observed in Henry v Hodges, supra, at page 402:

"There is no inherent reason to deny power to a judicial officer to review his own judgments, even though they be final and decide the very merits of the cause; at common law this was permissible. True, it has long been the custom to forbid it by statute and there are good grounds for so doing; but it still persists in the practice of bringing on a motion for a new trial for errors of law before the judge who made the original decision. Rightly or wrongly, judges are credited pro tanto with enough detachment to be able to reexamine impartially what they have

**297**

done; at least when, as here, the final disposition will in the end be determined by others."

The Manual indicates that if the convening authority returns a specification for "reconsideration" to the military judge, the latter "will accede to the view of the convening authority" if the matter is solely a question of law. Manual for Courts-Martial, supra, paragraph 67*f*. The petitioner contends the Manual provision is contrary to the provision of Article 62(a) that the record be returned "for reconsideration of the ruling and any further appropriate action." In the petitioner's view, the Article requires the trial judge to deliberate further on the matter and authorizes him to reaffirm his decision on the point of law in opposition to the convening authority's determination. Carried to its outer limits, the petitioner's argument envisages an impasse between an unyielding trial court and a persistent convening authority. We do not believe that kind of exercise in futility was intended by Congress. In view of the action we propose to take, however, we need not now decide whether the Manual provision properly differentiates between questions of law and questions of fact in regard to accedence to the convening authority's determination.

Relying upon Fleiner v Koch, supra, the petitioner urges us to reverse the action of the convening authority as incorrect in law. In *Fleiner*, the accused was brought to trial on a number of charges. At the beginning of trial, two of the charges were dismissed by the military judge on motion of the accused on the ground the offenses were not triable by court-martial. This ruling was required by O'Callahan v Parker, supra, and the decision of this Court in United States v Borys, supra. The Government, however, appealed the ruling to the convening authority, who disagreed with the trial judge. The trial judge acceded to the convening authority's determination and rescinded his earlier ruling. Thereupon, the accused petitioned this Court for a Writ of Prohibition. We granted the writ and directed that the petitioner not be required to

298

stand trial on the specified charges. The situation was one hypothesized in Gale v United States, supra, at page 43, as evidencing "prejudicial and oppressive measures" with regard to a matter as to which the court-martial had no power to proceed and, therefore, justified review prior to regular appellate review.

Here, the legal sufficiency of the allegations of the specifications in issue has not previously been settled. The petitioner contends the allegations are materially deficient, but his contention has been rejected by the convening authority, as authorized by Article 62(a). A ruling sustaining the legal sufficiency of a charge is interlocutory in nature and is not appealable before conclusion of the trial. Gale v United States, supra, at page 43. See also Snodgrass v United States, 326 F 2d 409 (CA 8th Cir) (1964); Hoffa v Gray, 323 F2d 178 (CA 6th Cir) (1963), certiorari denied, 375 US 907, 11 L Ed 2d 147, 84 S Ct 199 (1963); United States v Knudson, supra. Additionally, we note that in the proceedings before the military judge the petitioner contended that the specifications of Charge I "cover[ed] . . . [the] same material" specified in two of the specifications of Charge II and were, therefore multiplicious with the latter. There is strong likelihood, therefore, that evidence of the acts charged in the specifications of Charge I is independently admissible in proof of the specifications of Charge II, and that the specifications in issue will not be considered in assessment of the sentence. The record thus indicates no risk of irreparable harm to the petitioner if we leave him to the usual course of appeal in event of conviction. Gale v United States, supra.

The petition for Writ of Prohibition is denied.

Judge DARDEN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

Since I believe that the question involved in the ruling of the law officer

on the motion to dismiss is one of law, as distinguished from a mixed question of law and fact or one of fact alone (see my separate opinion in United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968)),[1] which ruling, in the event of conviction, is reviewable on appeal to this Court, I join my brothers in denying the accused's motion for a writ of prohibition. This case is distinguishable from Fleiner v Koch, 19 USCMA 630 (1969), where we granted a similar petition and directed that the petitioner not be required to stand trial, on the ground that the offenses originally dismissed by the military judge, but reinstated at the direction of the convening authority, were outside the jurisdiction of the court-martial in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). In this case, the petitioner, in the initial proceedings before the military judge, indicated that the evidence of the acts charged in the specifications under consideration covered the same material identified in those specifications not affected by the judge's ruling. For this reason, I agree there is little risk of irreparable harm to the petitioner if we leave him to the regular course of appeal in the event of conviction.

---

[1] As I stated in my dissent in Boehm, I do not believe that Article 62 (a), Uniform Code of Military Justice, 10 USC § 862, compels the military judge to reverse his ruling when the convening authority returns the case for reconsideration if the ruling is based on a mixed question of fact and law or one of fact alone.