RANDELL DEAN HERROD, Private, U. S. Marine Corps, Petitioner

v

CONVENING AUTHORITY, Major General Widdecke, U. S. Marine Corps, Commanding, 1st Marine Division, Da Nang, Republic of Vietnam, Respondent

19 USCMA 574, 42 CMR 176

Miscellaneous Docket

No. 70–45

July 23, 1970

 

*Gene Stipe, Esquire, Denzil D. Garrison, Esquire,* and *Harry R. Palmer, Jr., Esquire,* counsel for Petitioner.

*Lieutenant Colonel Charles J. Keever,* USMC, and *Lieutenant James E. Akers,* JAGC, USNR, counsel for Respondent.

## Memorandum Opinion of the Court

In a Complaint for Writ of Prohibition, the petitioner indicated that he has been charged with the premeditated murder of sixteen Vietnamese civilians and that the charges have been referred to trial by the Commanding General, 1st Marine Division, before a general court-martial convened at Da Nang, Republic of Vietnam. A variety of circumstances are set out to justify issuance of an order by this Court to effect a change of venue and postponement of trial to a time when purported "adverse publicity can . . . subside" and other special relief. An "Amendment" to the Complaint has broadened the allegations to challenge the constitutionality of various provisions of the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1969 (Revised edition), regulating the procedures as to the selection and challenge of court members and the conduct of the trial; the Amendment also enlarged the prayers for relief, including a request for an order to safeguard the petitioner against alleged "oppressive procedures of the *UCMJ* and the *MCM.*"

Some of the requests for relief such as that for an order directing a formal issuance to the petitioner of a Silver Star he has been awarded are administrative matters of which this Court has no jurisdiction. Marshall v Laird, 18 USCMA 652 (1969). Other requests such as that for a change of venue and postponement to guard against assertedly prejudicial pretrial publicity are not supported by averments sufficient to demonstrate the necessity of intervention by this Court at this stage of the proceedings to prevent a probable miscarriage of justice. Thus, it does not appear that the ordi-

nary *voir dire* at trial cannot insure selection of court members who will determine the accused's innocence or guilt free from the influence of any pretrial publicity. See United States v Calley, 19 USCMA 96, 41 CMR 96 (1969). Nor does it reasonably appear from the averments in the pleadings that the other grounds of asserted invalidity in the processes of selection and appointment of members to the court-martial will compel the accused to be tried by court members empaneled by unconstitutional means. See United States v Crawford, 15 USCMA 31, 35 CMR 3 (1964), motion for leave to file petition for writ of certiorari denied, 380 US 970, 14 L Ed 2d 281, 85 S Ct 1349 (1965); United States v Pearson, 15 USCMA 63, 35 CMR 35 (1964).

So far as the petitioner's complaints as to threatened denial of opportunity to prepare adequately for trial are concerned, these are properly the subject of application to the military judge. On the averments of the Complaint, it would appear that the petitioner should have access in advance of trial to pretrial statements and previous testimony by probable Government witnesses. See United States v Heinel, 9 USCMA 259, 26 CMR 39 (1958). The pleadings, however, do not indicate that recourse to the ordinary and usual procedures will not assure the petitioner full protection of his right to prepare for trial.

All the matters complained of in the Complaint and in the Amendment thereto can be raised by appropriate motion or objection at the trial or before an authority having jurisdiction to act in advance of trial. We would not be justified to conclude from the matters before us that the petitioner's request for relief would not receive the full and impartial consideration on the merits to which he is entitled. See Fleiner v Koch, 19 USCMA — (1969); cf. Priest v Koch, 19 USCMA 293, 41 CMR 293 (1970). Various allegations as to the alleged inadmis- sibility of evidence expected to be offered against the petitioner at trial are properly the subject of objection at trial, not the occasion for extraordinary relief by this Court. See Hallinan v Commanding Officer Captain R. S. Lamont, 18 USCMA 652, 653 (1968).

Since no basis for an issuance of a Writ of Prohibition or other order for extraordinary relief appears from the pleadings, the application for relief specified in the Complaint for Writ of Prohibition and the Amendment thereto is denied, and the stay of proceedings heretofore entered is vacated.

Judge Darden would dismiss the Complaint for the reasons stated in his separate opinion in Collier v United States, 19 USCMA 511, 42 CMR 113 (1970).