**UNITED STATES, Appellee,**

v.

**Ronald E. WARD, Sergeant, U. S. Marine Corps, Appellant.**

**No. 28,994.**

U. S. Court of Military Appeals.

April 25, 1975.

*Captain Paul H. Duvall*, USMCR, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant H. Neil Broder*, JAGC, USNR, and *Lieutenant Stephen T. Myking*, JAGC, USNR.

*Lieutenant Commander Harvey E. Little*, JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

OPINION OF THE COURT

COOK, Judge:

Pursuant to his informed plea, the accused was found guilty of being absent without authority for over 2 years, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge, sitting alone as a special court-martial, imposed a bad-conduct discharge and reduction to the lowest grade with a recommendation that the sentence be suspended. In approving the findings and sentence, the convening authority did follow the recommendation.

Upon petition to this Court, there was assigned as an issue a claim that the court-martial which tried accused was without jurisdiction. The same question previously had been raised before the Court of Military Review. That court, after expressing some reservations, concluded that under the circumstances shown in the record, the court-martial did, in fact, have jurisdiction. It is these circumstances, however, that are the basis of the issue now before us, namely:

WHETHER THE CONVENING AUTHORITY WAS DISQUALIFIED FROM

---

REVIEWING THE CASE BECAUSE HE HAD PARTICIPATED AS A WITNESS.

When the court-martial first convened, the defense moved for a dismissal of the charge because it had not been served upon the accused by his immediate commander. The military judge denied the motion, but did order that the charge sheet be returned to the commanding officer in order to make such service. Some 11 days later, when the court reconvened, a new charge sheet was shown to have been prepared and it revealed that the charge which was resworn had been served upon accused as ordered by the military judge. The new charge sheet also revealed that the charge had been referred for trial to a court-martial which had been ordered to convene by a new court-martial order. Moreover, all personnel of the new court were completely different and those persons who had been appointed by the prior order and had been at the first session were not again designated to serve. The military judge noted the change and asked trial counsel if he had any explanation. In reply, trial counsel stated that he had called and had, that morning, "received an oral modification" to the court-martial order which appointed the military judge, defense counsel and himself, respectively, to the same positions which they had held before. Upon inquiry by the military judge if there was any objection to proceeding, defense counsel, after a brief recess, moved to dismiss the charges on the grounds that the court as then constituted was without jurisdiction. The Government was then permitted to call the convening authority as a witness to testify about his intent in the matter. During his testimony, although evincing some confusion, the convening authority acknowledged he had signed the order on the new charge sheet which referred the charge to a different court-martial. He claimed, however, that he did not intend to withdraw the charge or refer it to another court and only intended to correct an administrative error on the prior charge sheet. He made it clear he did intend that accused should be tried before a court in which the military judge, trial counsel and defense counsel would serve in the same roles they held at the first session. On the basis of this testimony, the military judge denied the motion and concluded that the court-martial had jurisdiction to proceed. After the trial, the same officer, who testified about the circumstances of the new charge sheet and the resultant jurisdictional question, reviewed the record as the convening authority, and it is this action that is the subject of the issue to be decided.

Recently, in *United States v. Choice*, 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975), we had occasion to review the principles which control our decision. There, it was made clear that testifying as a witness does not automatically result in the convening authority forfeiting his impartiality and thereby becoming disqualified to review the record of trial. It was stated that "disqualification depends on whether the convening authority is put in the position of weighing his testimony against or in light of other evidence which conflicts with or modifies his own." *Id.* at 331, 49 C.M.R. at 665. Here, it is evident that he was disqualified in that his testimony at trial contradicted and rebutted what was shown on the second charge sheet where the charge was ordered to trial before a different court-martial. Because of this conflict, he was, as a reviewing authority, required to weigh his own testimony against his earlier official act in order to resolve the question of fact about the membership of the court-martial which was vital to jurisdiction. Accordingly, under the line of authority starting with *United States v. McClenny*, 5 U.S.C.M.A. 507, 18 C.M.R. 131 (1955), the convening authority was disqualified to review the record of trial.

The decision of the Court of Military Review is reversed and the action of the convening authority is set aside. The record is ordered returned to the Judge Advocate General for a new review by a different convening authority.

Senior Judge FERGUSON concurs.

Judge QUINN did not participate in the decision of this case.