694

UNITED STATES

v.

**Airman Richard V. WILSON, FR 519–70–0422 401st Field Maintenance Squadron United States Air Forces in Europe.**

ACM S24186.

U. S. Air Force Court of Military Review.

6 Aug. 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly, Major Byron D. Baur, and Captain Martin F. McAlwee, USAFR.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

DECISION

SANDERS, Judge:

Tried by special court-martial with members, the accused was found guilty, contrary to his pleas, of wrongful possession of heroin and wrongful possession of hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $225.00 per month or six months and reduction to airman basic. The sentence was approved by the convening and

supervisory authorities. The place of confinement was designated as the 3320th Retraining Group, Lowry Air Force Base, Colorado, for confinement and screening.

Of the several claims of error asserted by appellate defense counsel, we find it necessary to discuss only the issue which claims that:

THE CONVENING AUTHORITY, HAVING PERSONALLY FOUND PROBABLE CAUSE TO EXIST AND HAVING AUTHORIZED THE SEARCH, WAS DISQUALIFIED FROM ACTING ON THE RECORD.

The remaining assertions we find to be adequately discussed and properly resolved in the post-trial review or otherwise without merit.

Pursuant to an Authority to Search and Seize signed by the base commander, the contraband drugs forming the basis of the specifications in this case were found in the possession of the accused. The base commander was also the special court-martial convening authority.

During an Article 39(a), Code, supra, session at trial, the defense objected to the admission of this evidence on the grounds that probable cause was lacking at the time of the issuance of the search and seizure authorization. To sustain the burden of proof on this interlocutory matter, the Government called as a witness the Office of Special Investigations agent who obtained the authority and conducted the search. The OSI agent testified concerning the briefing he gave to the base commander prior to the issuance of the authorization to search and seize. Prior to this he had discussed the matter with the Chief of Military Justice in the legal office who advised him to go to the base commander. Suffice it to say that we find sufficient probable cause to warrant the base commander's issuance of the authorization.

The Government also offered into evidence as Prosecution Exhibit 1, the SF Form 1176, Authority to Search and Seize, which the base commander had signed following the briefing and on the back of which the OSI agent had made some hand-written notes. No other witnesses were called or other evidence offered by either side on this issue. For that matter, during argument on this issue, the military judge asked the defense if they were requesting that the base commander be called as a witness. The defense counsel responded, "I am not making a request at this time for the [base commander]."

There was no evidence before the court to rebut, refute, or otherwise contradict the testimony of the OSI agent concerning his briefing of the base commander. In short, there was no factual dispute to resolve. Rather, only a legal issue remained as to whether the information given to the commander sufficiently established probable cause. The military judge overruled the objection and the seized drugs were admitted into evidence.

Appellate defense counsel urge that the convening authority was disqualified from taking action in this case because of his pretrial role in authorizing the search and seizure. In their view, he had prejudged this issue by authorizing the search in the first place and was no longer able to view anew the validity of that decision. They argue that had he been called as a witness his testimony would have been couched in terms of a justification for his decision and, of course, as a witness he may have been disqualified from reviewing and taking action on the record.

■ Article 60, Code, supra (10 U.S.C. § 860) and paragraph 84, Manual for Courts-Martial, 1969 (Rev), provide for the forwarding of a record of trial to the convening authority of the court for initial review and action thereon. Clearly, however, the accused is entitled to an "impartial review" by a person who has no interest in the litigation (*United States v. Gordon,* 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952)), and if the convening authority has a personal interest in the outcome of the case, he is disqualified from reviewing and taking action on the record. *United States v. McClenny,* 5 U.S.C.M.A. 507, 18 C.M.R. 131 (1955); *United States v. Thompson,* 37

C.M.R. 915 (1967). It has been held‍ that the appearance of the convening authority as a witness is disqualifying where he is thus called upon to resolve a factual issue requiring him to weigh his own testimony against other evidence. *United States v. Ward,* 23 U.S.C.M.A. 387, 50 C.M.R. 164, 1 M.J. 18 (1975); *United States v. McClenny,* supra. In a like vein, it has been held that a convening authority is disqualified where he has granted immunity to a prosecution witness (*United States v. Williams,* 21 U.S. C.M.A. 292, 45 C.M.R. 66 (1972); *Green v. Widdecke,* 19 U.S.C.M.A. 576, 42 C.M.R. 178 (1970)) or where he has entered into a pretrial agreement with a prosecution witness. *United States v. Donati,* 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. Winborn,* 14 U.S.C.M.A. 277, 34 C.M.R. 57 (1963).

In these situations, the convening authority is deemed to no longer have only an official or disinterested connection with the case but rather, to have become personally interested in the litigation. *United States v. McClenny,* supra. In the case of a grant of immunity, it is too much to ask of the convening authority to determine the weight to be given the testimony of the witness since "he granted the witness immunity in order to obtain his testimony." *United States v. White,* 10 U.S.C.M.A. 63, 27 C.M.R. 137, 138 (1958). Similarly, where the convening authority appears as a witness and is faced on review with a factual issue which requires him to weigh his own testimony against or in light of conflicting evidence, he no longer fulfills the impartial role required of a convening authority. *United States v. Ward,* supra.

■ However, testifying as a witness is not a statutory disqualification and in determining whether the reviewing authority has lost his impartial role an "objective reasonable" test is applied. *United States v. Choice,* 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975). As the Court stated in *United States v. McClenny,* supra:

*1.* Compare *United States v. Cardwell,* 46 C.M.R. 1301 (A.C.M.R.1973) where a military judge was held to be disqualified to sit as trial judge where he had, acting in his capacity as

If from his testimony, it appears that he has a personal connection with the case, he may not act as reviewing authority. On the other hand, if his testimony is of an official or disinterested nature only, he may properly review the record. (18 C.M.R. at 137),

and in *United States v. Choice,* supra:

[D]isqualification depends on whether the convening authority is put in the position of weighing his testimony against or in light of other evidence which conflicts with or modifies his own. (49 C.M.R. at 665).

See also, *United States v. Taylor,* 5 U.S.C. M.A. 523, 18 C.M.R. 147 (1955); *United States v. Long,* 5 U.S.C.M.A. 572, 18 C.M.R. 196 (1955).

■ Here, the convening authority did not appear as a witness at the trial although the authorization he signed prior to the search and seizure was admitted as a prosecution exhibit. Under the circumstances, he was not called upon to judge his credibility as a witness or to weigh his own testimony with regard to contradictory or conflicting evidence. As we view the situation, he did not lose his impartial role and his "interest" in the case remained official and not personal.[1]

Thus, we do not find any basis to conclude that the convening authority was disqualified as the result of the testimony and evidence presented on the search and seizure issue. Further, we are unable to detect any suggestion that the convening authority, who was also the base commander, acted in other than an official and impartial capacity at the time he authorized the search and seizure. He was fulfilling a "judicial function" which has been repeatedly recognized and sanctioned in prior decisions. As the Court of Military Appeals stated it:

In those instances wherein the convening authority is also the commanding officer,

"magistrate", issued a search warrant and subsequently appeared as a witness at trial on the issue of probable cause.

as in the case at bar, he is the "Federal magistrate" to whom application is made for authority to conduct a search (paragraph 152 of the Manual, supra; *United States v. Hartsook,* 15 U.S.C.M.A. 291, 35 C.M.R. 263), the granting or denial of such application being so obviously a judicial act as not to require documentation. (*United States v. Nix,* 15 U.S.C.M.A. 578, 36 C.M.R. 76, 79 (1965).

█ As we have indicated, the convening authority, in his position as base commander, was presented with substantial information establishing the probability that the accused (and others) were in possession of illegal drugs. Based upon this information and with the power vested in him in his position, he authorized the search and seizure. Paragraph 152, Manual for Courts-Martial, supra. His acts were of an official, impartial nature and his subsequent review and action on the completed record of trial did not change his position to one suggestive of personal interest in the outcome of the case. *Priest v. Koch,* 19 U.S.C.M.A. 293, 41 C.M.R. 293 (1970). In *Priest,* the military judge ruled that the specifications were legally insufficient and ordered their dismissal. This was appealed to the convening authority who reversed the ruling of the military judge and directed reconsideration of the dismissal. In seeking a Writ of Prohibition, the accused urged, *inter alia,* that before the convening authority could refer the charges to trial he had to find they alleged an offense as required by Article 34(a), Code, supra. They contended that thereafter the convening authority could not be expected to review his finding and admit that he "had been in error in the first place." The Court of Military Appeals, noting that the problem of incompatible roles in court-martial proceedings is not new, stated:

> So far as the legal sufficiency of a charge is concerned, the issue is, as we have noted, not new to the convening authority. When asked to consider the matter

again, the application is more in the nature of a rehearing than an appeal. Judicial authorities are not disqualified from reconsidering a question of law previously presented to them. [Citations omitted] 41 C.M.R. at 297)

See also *United States v. Boehm,* 17 U.S.C.M.A. 530, 38 C.M.R. 328 (1968) where the convening authority reversed a court ruling on a speedy trial issue and subsequently took action on the record of trial. While both the *Priest* and *Boehm* cases are involved with circumstances concerning the applicability and extent of the provisions of Article 62(a), Code, supra,[2] we find them to be persuasive authority on the matter of disqualification of the convening authority in reviewing questions of law which have been before him previously. The judicial act of authorizing the search and seizure prior to any charges in this case did not transform the convening authority's official position in the case to one involving a personal interest in the outcome of the litigation.

Accordingly, we hold that under the circumstances of this case, the convening authority was not disqualified from reviewing and taking action on this record of trial.

The approved findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and ORSER, Judge, concur.

---

**2.** Article 62(a), Code, supra, 10 U.S.C. § 862, provides as follows:

> If a specification before a court-martial has been dismissed on motion and the ruling does

not amount to a finding of not guilty, the convening authority may return the record to the court for reconsideration of the ruling and any further appropriate action.