UNITED STATES

v.

Airman Richard V. WILSON, FR 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, 401st Field Maintenance Squadron, United States Air Forces in Europe.

ACM S24186 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 Jan. 1975.

Decided 9 Aug. 1976.

See also, 1 M.J. 694.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, HERMAN and ORSER, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

HERMAN, Judge:

In an order dated 6 February 1976, the Court of Military Appeals vacated our previous decision in this case,[1] remanded the record of trial to this Court, and directed us to hold further proceedings in abeyance pending their disposition of three other cases. Two of those cases have now been decided,[2] and the third[3] does not have an issue relevant to the case at hand.

Although it is not clear what effect, if any, vacation of our previous decision may have, in order to dispel any doubt, we reaf-

1. *United States v. Wilson,* 51 C.M.R. 122, 1 M.J. 694 (A.F.C.M.R.1975).

2. *United States v. Courtney,* 1 M.J. 438; *United States v. Jackson* [order] both decided 2 July 1976.

3. *United States v. Graves,* Docket No. 31100 [order].

firm the disposition of this case and the rationale respecting the issues treated therein.

■ To review, the accused was tried and convicted on 15–16 January 1975 of two violations of Article 134, 10 U.S.C. § 934, by possessing, at the same time and place, quantities of heroin and hashish; his approved sentence was a bad conduct discharge, confinement at hard labor for six months, forfeiture of $225.00 per month for six months and reduction to the grade of E–1. Although the maximum punishment for the two specifications alleged could have been substantially different if he had been charged under Article 92 rather than Article 134, and had he been tried by general court-martial, the fact is that there is no potential whatsoever for prejudice from charging under the general article, since he was tried by special court-martial. Under either circumstance, the limited sentencing jurisdiction of the trial court was the same and far below either authorized maximum if the accused had been tried by general court-martial.

■ Appellate defense counsel allege two further errors which arise as a result of decisions of the Court of Military Appeals promulgated during the period of time this case has been held in abeyance. We agree with counsel that the offenses alleged herein are multiplicious for sentencing purposes;[4] however, since either offense would authorize the maximum sentence imposable by a special court-martial, there can be no prejudice. We cannot agree that the *Hughes* decision requires that court members be instructed that the offenses are multiplicious in these circumstances.

Appellate defense counsel next assert error in that the trial counsel authenticated the record of trial in the absence of the military judge but failed to give any explanation of the reason therefor. The apparent claim is that the government must affirmatively show valid cause for authentication by trial counsel in each case in which he does so in the absence of the military judge, based upon the recent case of *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). We do not read the case in this manner. In *Cruz-Rijos*, trial counsel made over 800 corrections to the 156-page transcript, and neither the accused nor trial defense counsel was provided with a copy of the record of trial until after the convening authority took action. Furthermore, an affidavit of the records custodian in the office of the base staff judge advocate evidenced that the military judge was present and presiding over other courts-martial at the installation twelve days after trial counsel's authentication, and that he remained there for at least ten days prior to the action of the convening authority.

■ In the instant case, no such appearances of evil have been shown to exist. The bald assertion that trial counsel authenticated the record in the absence of the military judge will not result, *ipso facto*, in a presumption of dereliction by either the trial counsel or the military judge or prejudice to the rights of the accused. We concur wholeheartedly in the principle that the military judge should authenticate all records of trial unless there is a fair risk of violation of the speedy disposition standards of *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 235, 48 C.M.R. 751 (1974) as a result of transmission of the record to and from the mobile situs of the military judge.[5] We are unable to find in the circumstances of

---

4. *United States v. Hughes*, 24 U.S.C.M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976).

5. By letter of 6 July 1976, Colonel William M. Burch II, Director of the USAF Judiciary, notified all staff judge advocates and Trial Judiciary personnel of recent policies enunciated by The Judge Advocate General of the United States Air Force. He advised that authentication by trial counsel should be limited to instances where the military judge is absent under circumstances where delay to await his authentication will create a risk of *Dunlap* violation. A separate statement by trial counsel has been called for, explaining the reasons why he is signing in the absence of the military judge. This should provide the appellate process with adequate information to evaluate whether the rights of the accused have been substantially prejudiced in future cases.

this case any similarity to those in *United States v. Cruz-Rijos*, supra, beyond the fact of authentication by trial counsel, and we are unwilling to extend its principles to situations free of substantial prejudice to the rights of the accused or serious dereliction on the part of the military judge.

Once again, for the reasons set forth in our original opinion[6] and for the additional reasons hereinabove, the findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and ORSER, Judge concur.

---

**UNITED STATES**

**v.**

**Airman Michael D. FITZGERALD, FR 371–58–9636 36th Munitions Maintenance Squadron USAF Tactical Fighter Weapons Center (TAC).**

**ACM 22043.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 Dec. 1975.

Decided 11 Aug. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts, III.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.