## BUNION WAUL v. THE STATE.

### No. 298.   Decided April 25.

1. **Continuance—Practice on Appeal.**—Where an application for continuance has been overruled in the trial court, the ruling on appeal will not be ground for reversal where the facts in evidence, as shown by the record, positively contradict and disprove the proposed testimony of the absent witness.

2. **Perjury Before Grand Jury—Evidence—Allegation and Proof.**—Where an indictment for perjury alleged that it was committed before the grand jury, on an investigation pending before that body, and the State was permitted, without objection from defendant, to prove by oral testimony that said grand jury was properly and legally organized, *Held*, that it was too late, after trial, for defendant to be heard to complain, that the fact of organization could only be proved, and should have been proved, by the records of the court.

3. **Same—"House," Where Essential to be Proved in a Prosecution for Perjury.**—On a trial for perjury, where the indictment assigned the perjury upon the fact that defendant had sworn before the grand jury that he did not see a table or bank exhibited for gaming purposes "in any *house* near the town of W.," at the time and place specified, *Held*, that the word "house," when used in connection with the crime of perjury, and the character of the structure essential to be established, is that it was "a building or structure housed in or roofed, regardless of the fact whether it was or had ever been inhabited."

4. **Same—"House"—Definition of, in Its Relation to Perjury.**—The word "house," when used in relation to or connection with the crime of perjury, means as in its ordinary signification and use, "any structure which has walls on all sides and is covered by a roof;" and the definitions of the word "house" as used in the Penal Code in defining the offenses of burglary and arson (articles 652, 709) are insufficient, and can not be made to apply.

APPEAL from the District Court of Gonzales.   Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for perjury, wherein the punishment was assessed at five years' imprisonment in the penitentiary.

A general statement of the case is unnecessary.   All the facts essential to the points decided are sufficiently stated in the opinion.

*Glass & Burgess* and *McNeal & Hopkins*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for perjury.   Perjury was assigned upon the following false statement made before the grand jury of Gonzales County, namely, that appellant had not seen a gaming bank or table kept and exhibited for the purpose of gaming in a certain house near the town of Waelder, on or about the 25th day of June, 1893.

Appellant moved for a continuance for the testimony of Richard Johnson.   The motion being overruled, he excepted, reserving his bill.

By this witness, appellant swears that he could prove that he in fact had not seen such tables or banks exhibited for gaming in a house near Waelder, as charged in the indictment. If Johnson had been present and so sworn, under the facts of this case, no honest jury would have believed him. For it is established that appellant did see the table or banks exhibited for gaming by the positive testimony of several witnesses, with the circumstances very cogently corroborating their direct evidence. The testimony expected from Johnson is not at all probable, and we do not believe that he, if present, would swear to the facts named in the motion. Without objection to the manner, the State proved by oral testimony that the grand jury was properly and legally organized, with L. P. David as its foreman. Counsel for appellant complain, that there is no evidence or proof that there was a legal grand jury, and that if this was the case appellant was not sworn, nor had the supposed grand jury jurisdiction in the matter, and if appellant did make a false statement as charged in the indictment, it was not perjury. This is a sound proposition. But the proof that the grand jury (before which appellant is charged with perjuring himself) was legally organized was made by the testimony of David. Now, if appellant had demanded the record, it should have been produced; but this was not done, and he is too late with his objection after the trial. The indictment alleges that appellant swore falsely in stating that he had not seen a table or bank exhibited in a *certain house.* That he did see a table or bank exhibited for gaming in a house must be proved beyond a reasonable doubt. What are the facts bearing upon the question as to whether the structure (in which appellant saw the gaming table and bank exhibited) was a house or not?

The witness Hopkins was familiar with the saloon and surroundings. He had often been in the saloon proper, and the attachment or inclosure on the north side of the same. He states that the saloon is a boxed building, about 12x28 feet, the front being at the west end, facing the Gonzales road. The eaves slope north and south. It is on blocks, floored, and covered with shingles. Beginning at the northwest corner of this house there was a wall of planks set on the ground right together, about eight or ten feet high, extending sixteen feet straight out from the corner and on a line with the front of the saloon, level along the top; then a similar wall runs back east parallel with the north wall of the saloon and about the same length, and then a similar wall from there to the northeast corner of the house; these walls and the north side of the house to which they attach making an inclosure about 16x28 feet. On the north side is a shed or covering about four feet wide along the twenty-eight feet wall (north wall) and sloping north. There is no covering at all from the edge of the covering to the north wall of the saloon, which is about twelve feet, nor is there any way to make a roof without changing things as they exist.

There was a door leading into this inclosure out of the saloon proper. This door being closed, there was no way of entering the inclosure save by climbing the walls.

The inquiry is, "What is a house?" The code defines the term "house," as used in the definition of the crime of burglary. It is there said: "A house, within the meaning of this chapter, is any building or structure * * * of whatsoever material it may be constructed." Penal Code, art. 709. If we take this definition, it is clear that the inclosure in this case is a house. In reference to the crime of arson, the code defines a house to be "any building, edifice, or structure inclosed with walls and covered, whatever may be the material used for building." Penal Code, art. 652. Under this definition it is equally clear that the inclosure was not a house, because it was not covered. The Legislature has the undoubted right to declare any structure a house with reference to arson, burglary, or any particular crime, giving to the term "house" a different meaning with reference to the different offenses. We have no definition of "house" generally, and we can not take the particular definition given by the statute to the term with reference to a particular subject, and apply it to the term when used generally. The rule of construction furnished by the code is, that "words used in the code are to be taken and understood in their usual acceptation in common language, except where their meaning is particularly defined." This should be the rule whether a word or phrase is used in a statute or not. We therefore must give to the term house, in this connection, its usual, ordinary meaning. In a case in California the expression to be interpreted was, "dwelling house or any other house whatsoever." It was there held to include "every kind of building or structure 'housed in' or roofed, regardless of the fact whether they are or ever have been inhabited; any structure which has walls on all sides and is covered by a roof." The People v. Hickman, 34 Cala., 242. This we take to be the usual and ordinary meaning of the term house. Tested by this, the inclosure in which the game was played was not a house, and the allegation that appellant saw the game played in a house is not supported by the evidence.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.