UNITED STATES, Appellee

v.

JOHN T. LOVE, Private E–1, U. S. Army, Appellant

4 USCMA 260, 15 CMR 260

No. 3663

Decided May 7, 1954

LT COL James C. Hamilton, U. S. Army, and 1ST LT Jack W. Tucker, U. S. Army, for Appellant.

LT COL Paul J. Leahy, U. S. Army, LT COL William R. Ward, U. S. Army, and 1ST LT Donald M. Sukloff, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

By proper exceptions to a charge of housebreaking, in violation of Article 130, Uniform Code of Military Justice, 50 USC § 724, a general court-martial sitting in France found the appellant, Love, guilty of the lesser included offense of unlawful entry, in violation of Article 134, Uniform Code, supra, 50 USC § 728. He was sentenced to receive a bad conduct discharge, to forfeit all pay and allowances, and to be confined at hard labor for six months. The findings and sentence were approved and affirmed respectively by the convening authority and by a board of review in the office of The Judge Advocate General, United States Army. We granted the petition of the accused to determine what is essentially a question of evidential sufficiency as a matter of law. The issue specified was: "Whether the entry by the accused into the tent of another company constituted unlawful entry."

II.

Uncontradicted prosecution evidence established that, shortly after midnight on December 26, 1952, the accused was discovered by one Bucsher, a resident, in an unlighted tent, occupied by members of a military company not his own, crouched on the floor, and clutching "an armful of clothes" belonging to personnel billeted therein. The discoverer demanded that the accused explain his presence, whereupon the latter retorted, "This is my . . . tent." Immediately thereafter the accused "made a break for the front door," but was bodily restrained by the soldier who had detected him. Although he made good his escape, he later surrendered to law enforcement authorities. Occupants of the tent testified that they had neither invited nor consented to the entry; that the accused was not an acquaintance of any of them; and that he had visited the tent on no previous occasion. Although the accused did not take the stand as a witness, other testimony suggested that he had been drinking—to some extent at least. Although it is unlikely that this evidence was of such a character as to raise an issue of intoxication in most situations, it was nevertheless the subject of an appropriate instruction by the law officer.

III

There can be no doubt that—at least

**261**

in general—a tent must be regarded as a "building" or a "structure," as these terms are used in defining both the crime with which the accused was charged and that of which he was found guilty. Although the Manual for Courts-Martial, United States, 1951, in its chapter devoted to the Code's punitive articles, contains no specific discussion of the elements of the latter offense, as such, its paragraph dealing with the crime of housebreaking necessarily includes a treatment of unlawful entry. There the following language is used: "Examples of such structures are a stateroom, hold or other compartment of a vessel, an inhabitable trailer, an inclosed goods truck or freight car, a *tent*, and a houseboat." Manual, supra, paragraph 209. (Emphasis supplied.)

It is undeniable too that an "entry" was effected by the accused in the case at bar—for the uncontroverted evidence shows that, when he was discovered by Corporal Bucsher, he was wholly inside the tent, and in a crouching position on its floor. Manual, supra, paragraphs 208, 209. No "breaking," of course, is required to make out either housebreaking—despite its title—or unlawful entry, in violation of Article 134. Manual, supra, paragraph 209.

It is evident that the element of unlawfulness is the only matter about which there may be any sort of question here. The tent with which we are concerned was utilized as a dwelling place for military personnel—and as such may be assimilated to the barracks building with which this court dealt in United States v. Williams, 4 USCMA 241, 15 CMR 241. In view of the semiprivate character of the structure with which we are dealing, may it be said that the evidence adduced at the trial was sufficient as a matter of law to support a finding of unlawfulness as to the established entry? In our opinion it was clearly sufficient.

In Williams, supra, we indicated our understanding that the answer in terms of legality of the entry in such a case as the present one can only be arrived at through channeling the question to the issue of authorization, express or tacit, positive or negative. Moreover, we suggested there that, in the case of a structure such as the one before us now, the determination of the issue of authority or permission must depend on a variety of circumstances, some of which were set out in that opinion. Although it is possible that the finding of illegality and improper purpose is not supported in the case at bar by the compelling evidence found in Williams, we entertain no doubt of its sufficiency when measured by the criteria furnished by that case. To hold otherwise, it would be necessary—under the loosest rule adhered to by any member of this Court—to conclude that all reasonable minds would be in accord in believing "that reasonable hypotheses other than guilt could be drawn from the evidence." Stoppelli v. United States, 183 F 2d 391, 393 (CA 9th Cir). We cannot reach this determination. United States v. Williams, supra.

IV

In sum, it is our view that a tent used as a dwelling place for troops may be the subject of unlawful entry—and that, in the instant case, the evidence of unlawfulness was sufficient as a matter of law to support the findings of guilty returned by the court-martial. It follows that the decision of the board of review must be affirmed.

Chief Judge QUINN and Judge LATIMER concur.