UNITED STATES, Appellant

v

WILLIAM E. BREEN, Seaman, U. S. Navy, Appellee

15 USCMA 658, 36 CMR 156

No. 19,020

January 28, 1966

*Lieutenant Colonel Daniel F. McConnell,* USMC, argued the cause for Appellant, United States.
*Major Brian B. Kent,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

FERGUSON, Judge:

At his special court-martial, convened aboard the U.S.S. RICHARD E. BYRD (DDG–23), the accused entered pleas of guilty to charges of larceny, forgery, and unlawful entry, in violation of Uniform Code of Military Justice, Articles 121, 123, and 134, 10 USC §§ 921, 923, 934, respectively. He was found guilty and sentenced to bad-conduct discharge and confinement at hard labor for four months. The convening authority approved the sentence. The supervisory authority reduced the findings of guilty of larceny to wrongful appropriation, dismissed those relating to the alleged forgery, approved a reduced period of confinement and the bad-conduct discharge, and probationally suspended execution of the latter, with provision for its automatic remission. The board of review set aside

the findings of guilty of unlawful entry and approved only so much of the sentence as provided for the suspended bad-conduct discharge. The Judge Advocate General of the Navy has certified the board's decision to this Court upon the following question:

"Was the Board of Review correct in holding that the Specification of Charge III failed to state an offense?"

The count in question purports to allege the offense of unlawful entry in the following terms:

"Specification: In that William E. Breen . . . did, on board said USS RICHARD E. BYRD, on or about 12 June 1965 unlawfully enter the locker of Calvin E. Campbell, Boatswain's Mate Third Class, U. S. Navy, USS RICHARD E. BYRD."

The board found that a service member's locker "is not such property as was intended to be cloaked with protection against unlawful entry if simply alleged under sample specification 174, Appendix 6c, Manual for Courts-Martial, U. S., 1951, as a violation of Article 134." We agree with that conclusion, although we hasten to add that rummaging through the personal gear of another member of the service undoubtedly might constitute conduct prejudicial to good order and discipline, if proper averments are made. Nevertheless, under well-established precedents, the offense of unlawful entry is not made out by allegation that the property entered was an individual's locker.

In United States v Gillin, 8 USCMA 669, 25 CMR 173, this Court had occasion to review at length the nature of the offense of unlawful entry, in violation of Code, supra, Article 134. There, we refused to find an automobile to be the subject of that offense, even though we recognized "many service personnel use their automobile as a place for temporary safekeeping of their property." United States v Gillin, supra, at page 672. Comparing the offense with that of housebreaking, in violation of Uniform Code of Military Justice, Article 130, 10 USC § 930, and analogous sections of the District of Columbia Code, we expressed the belief it was limited to "real property or to such form of personal property as is usually used for storage or habitation." Id., at page 672.

Similarly, in United States v Taylor, 12 USCMA 44, 30 CMR 44, we rejected the contention that a large troop-carrying aircraft was the subject of unlawful entry, as it was neither commonly used for storage or habitation and, though undeniably personal property which could be physically entered, it was more like a conveyance. Again, we spoke specifically of the close connection between the type of property involved in housebreaking, in violation of Code, supra, Article 130, and that which could be involved in an unlawful entry.

Finally, in United States v Hall, 12 USCMA 374, 30 CMR 374, we held a railroad freight car to be the subject of housebreaking, it being there used for the storage of goods.

The principle clearly deducible from the foregoing cases is that the crime of unlawful entry is limited to real property, and the sort of personal property which amounts to a structure used for habitation or storage, e.g., a trailer or van. But, as we pointed out in Gillin, supra, it cannot be extended to every sort of property, even though used for storage purposes. That is precisely the proposition, however, for which the Government contends. The locker here is no more than a sort of closet in which personnel store their personal items and clothing. If extended thereto, then the offense would logically also apply to an automobile in which property was stored. Cf. United States v Gillin, supra. It would likewise be "held to have occurred through entry of a hand into a cash register." United States v Hall, supra, concurring opinion, at page 375. A line must be drawn somewhere. In short, though it may be used technically for storage of personal property, a locker is outside those classes of property to which we made reference in United States v Gillin, supra, and cannot, therefore, be the subject of the offense of unlawful entry. Nor, we repeat, does our holding, as the Government argues, deprive Navy personnel of security for their personal effects. If items are stolen, charges

of a violation of Code, supra, Article 121, as here, may be brought. United States v Gillin, supra; United States v Taylor, supra. At the same time, we do not foreclose the possibility a specification may be adequately drawn to punish rummaging in a locker as conduct violative of the general Article. Leaving that to a future case, we hold here no more than that such conduct does not make out the offense of unlawful entry.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I know of no place in the military establishment that is more widely used by enlisted personnel for storage of their personal effects and service equipment than the locker assigned to them. It is, in a very real sense, part of the enlisted man's *home*. In United States v Adams, 5 USCMA 563, 570, 18 CMR 187, we said: "Generally a military person's place of abode is the *place where he bunks and keeps his few private possessions*." (Emphasis supplied.) I would, therefore, answer the certified question in the negative, and reverse the decision of the board of review.