**UNITED STATES**

v.

**Staff Sergeant G. D. WICKERSHAM, FR 521–64–0607 United States Air Force.**

**ACM S24964.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 March 1980.

Decided 19 Dec. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Kenneth R. Powers, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts, Captain Richard O. Ely, II, and First Lieutenant Vincent J. McGraw, USAFR.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

## DECISION

KASTL, Judge:

In a single assignment of error, the accused argues that the unlawful entry of which he stands convicted is not an offense under military law. Disagreeing, we affirm.

A specification set under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, alleges that the accused did "unlawfully enter a storage area of the United States Air Force." The record explains that he gained access to this Air Force Civil Engineering Compound storage area by climbing over the chain-link fence which surrounded it.

Upon pleas of guilty to this offense and also to wrongful appropriation under Article 121, Code, *supra*, 10 U.S.C. § 921, the accused was sentenced by a special court-martial consisting of members to a bad conduct discharge, forfeiture of $100.00 per month for six months, and reduction to the grade of airman first class (E–3). The convening authority approved the sentence but later suspended execution of the bad conduct discharge.

Contrary to the accused's contention, we hold that the specification here was not fatally defective: It contained the elements of the offense intended to be charged and sufficiently apprised the accused what he must be prepared to meet. *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

A closely related issue causes us greater concern: Can trespass into an area enclosed by a chain-link fence constitute unlawful entry? We hold that it can.

The offense of unlawful entry was recognized in military law long before adoption of the Code, *supra*. *United States v. Esposito*, 21 C.M.R. 406 (ABR 1956); *United States v. Munster*, 27 B.R. 293 (ABR 1943). Paragraph 127c of the Manual for Courts-Martial, 1969 (Rev.), prescribes punishment for unlawful entry under Article 134, and Appendix 12 of the Manual lists it as a lesser included offense of burglary and housebreaking. It involves an unauthorized entry. *United States v. Love*, 4 U.S.C.M.A. 260, 15 C.M.R. 260 (1954); *United States v. Williams*, 4 U.S.C.M.A. 241, 15 C.M.R. 241 (1954).

One of the crucial factors of this crime is that, at the time and place alleged, the accused unlawfully entered a certain *building* or *structure*. As to this matter, the Manual, *supra*, at paragraph 209 enumerates certain property which falls within each of those categories:

> The word "building" includes a room, shop, store, office, or apartment in a building.... [T]he word "structure" refers only to those structures which are in the nature of a building or dwelling. Examples of these structures are a stateroom, hold, or other compartment of a vessel, an inhabitable trailer, an inclosed goods truck or freight car, a tent, and a houseboat.

Military courts have considered legislative history to discern that the word "structure" is employed in its broadest sense; it is intended to apply to real property and other places of storage or habitation which might reasonably be capable of being substantially entered by a human being. *United States v. Gillin*, 8 U.S.C.M.A. 669, 25 C.M.R. 173 (1958); *United States v. Hall*, 30 C.M.R. 836 (AFBR 1960) affd, 12 U.S.C.M.A. 374, 30 C.M.R. 374 (1961).

Yet despite such general guidance, decisions fail to provide clearcut answers as to the precise limits of the offense.[1] For example, military courts have held that the following come within the definition of "building" or "structure:" a tent[2], a railroad car[3], and a barracks cubicle.[4] On the other hand, the following fall outside the ambit of the offense and cannot be the subject of unlawful entry or housebreaking: a wall locker[5], an airplane[6], an automobile[7], and a tracked vehicle.[8]

In two cases, the Army Board of Review addressed entry into storage areas. In *United States v. Esposito*, 21 C.M.R. 406 (ABR 1956), the Board held that an unlawful entry specification alleging trespass into a barbed wire enclosure surrounding certain Quartermaster supplies stated an offense. In *United States v. Witt*, 25 C.M.R. 674 (ABR 1958), the Board held that an unlawful entry specification alleging entry into a

---

1. The cases reflect lively intellectual debate as to what is encompassed; dissents, concurring opinions, and the like are frequent. It is no wonder that this area has been labeled a "quagmire of the law" by the Court of Military Appeals. *United States v. Gillin*, 8 U.S.C.M.A. 669, 25 C.M.R. 173, 174 (1958).

2. *United States v. Love, supra*, at 262.

3. *United States v. Hall*, 12 U.S.C.M.A. 374, 30 C.M.R. 374 (1961).

4. *United States v. Leach*, 49 C.M.R. 170 (ACMR 1974).

5. *United States v. Breen*, 15 U.S.C.M.A. 658, 36 C.M.R. 156 (1966); *United States v. Harris*, 23 C.M.R. 586 (ABR 1957) *pet. denied*, 8 U.S.C.M.A. 770, 24 C.M.R. 311 (1957).

6. *United States v. Taylor*, 12 U.S.C.M.A. 44, 30 C.M.R. 44 (1960).

7. *United States v. Gillin, supra*.

8. *United States v. Sutton*, 21 U.S.C.M.A. 344, 45 C.M.R. 118 (1972).

petroleum, oil, and lubrication storage area of Johnson Air Base, Japan, failed to allege an offense.[9]

More recently in *United States v. Selke*, 4 M.J. 293 (1978), Judge Cook set forth his views on this matter. In *Selke*, the Court of Military Appeals left appellant's conviction undisturbed when it vacated its earlier grant of review on an issue of unlawful entry. The precise issue was whether unlawful entry had been committed when appellant climbed a fence protecting a missile launch facility. Dissenting from summary disposition, Judge Cook believed the issue "so important as to merit a disposition that carries this Court's authority behind it;" he would have directly held that unauthorized entry onto a parcel of real estate protected by a fence and various security devices was punishable. *Selke, supra*, at 294–295.

Recourse to analogous civilian decisions strongly suggests that entry into an area protected by a fenced enclosure is a criminal trespass.[10] State trespass statutes frequently enlarge upon the old English common law and make punishable entry into a wide range of structures. See generally, Annot., Burglary: Outbuildings or the Like as Part of a "Dwelling House," 43 A.L.R.2d 832 (1955) and Annot., Burglary—"Building" or "House," 78 A.L.R.2d 779 (1961).

Applying these authorities to the case at hand, we believe the accused committed the offense of unlawful entry. He was put on notice that his entry into this area, protected by a chain-link fence, was an impermissible trespass. It is abundantly clear that the fence was not intended to merely mark a boundary or provide esthetic beauty. To the contrary, it was clearly erected to protect property within its confines from theft. As such, its function is analogous to that of a "structure." *United States v. Esposito, supra* ; see also *State v. Roadhs*, 71 Wash.2d 705, 430 P.2d 586, 588 (1967). Accordingly, we hold that trespass into this compound, surrounded by a chain-link fence, constituted unlawful entry.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, C. J., and MILLER, J., concur.

---

9. We read this case as involving a prosecution failure of sufficiently-precise pleading, either in the specification or in facts established at trial. See *United States v. Witt*, 25 C.M.R. 674, 676 at n. 1. For example, the Board found unclear the basic question of what sort of site was involved—it might have been "small" or it might have covered "thousands of square yards." *Witt, supra*, at 676.

10. *State v. Livengood*, 14 Wash.App. 203, 540 P.2d 480 (1975) (compound enclosed by a fence erected to protect property); *Stanley v. State*, Okl.Cr., 512 P.2d 829 (1973) (portion of lumberyard enclosed by fence); *Arizona v. Patterson*, 21 Ariz.App. 136, 516 P.2d 1231 (1973) (fenced commercial storage yard where copper wire was kept by city of Mesa); *People v. Blair*, 52 Ill.2d 371, 288 N.E.2d 443 (1972) (carwash, an open-ended structure for shelter and protection of property lacking doors, gates or fences); *Jenkins v. State*, Del., 230 A.2d 262, 275 (1967) (junkyard surrounded by fence); *State v. Roadhs*, 71 Wash.2d 705, 430 P.2d 586 (1967) (warehouse compound surrounded by cyclone fence with barbed wire protection. The court, after careful analysis, found the barbed wire fence was erected mainly to protect property.) See also *Ash v. State*, Wyo., 555 P.2d 221 (1977) (temporary wooden frame covered with plastic, placed over new cement floor); *Oregon v. Essig*, 31 Or.App. 639, 571 P.2d 170 (1977) ("potato shed" on a farm, large enough to hold trucks); *People v. Adams*, 75 Mich.App. 736, 255 N.W.2d 752 (1977) (wooden shed 4½ × 3 feet, enclosing gas pump); *State v. Hoye*, 174 Neb. 409, 118 N.W.2d 325 (1962) (gas storage tank set on steel legs in concrete base. The court held that a "structure" need not be a house or building; the offense was committed where intent was to bar public from entering site where goods were stored and kept); *People v. Buyle*, 22 Cal.App.2d 143, 70 P.2d 955 (1937) (powder magazine contained in excavation dug underground into hill; good discussion of cases); *State v. Sanders*, 81 Kan. 836, 106 Pac. 1029 (1910) (caves). *Contra: Louisiana v. Alexander*, La., 353 S.2d 716 (1977) (yard of commercial establishment surrounded by 10 foot high tin fence; held not actionable under state statute); *Maul v. State*, 33 Tex.Cr.R. 228, 26 S.W. 199 (1894) (house is not a house if it has no roof). See generally 2 Wharton's Criminal Law and Procedure (Anderson ed.) Sec. 428 (1957).