UNITED STATES, Appellee,

v.

G.D. WICKERSHAM, Staff Sergeant
U.S. Air Force, Appellant.

No. 40,414.
ACM S24964.

U.S. Court of Military Appeals.

Jan. 17, 1983.

For Appellant: *Captain Thomas S. Markiewicz,* USAFR (argued); *Colonel George R. Stevens, Major Wade B. Morrison* (on brief).

For Appellee: *Captain Richard O. Ely, II* (argued); *Colonel James P. Porter* (on brief); *Captain Vincent J. McGraw,* USAFR.

OPINION OF THE COURT

FLETCHER, Judge:

Appellant was found guilty of "unlawfully enter[ing] a storage area of the United States Air Force," in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] This finding was based on his plea of guilty accepted by the military judge after an inquiry into the plea's providence.[2] Appellant was sentenced to a bad-conduct discharge, forfeiture of $100 pay per month for 6 months and reduction to Airman First Class. The convening and supervisory authorities approved the sentence, and the latter suspended the discharge. The Court of Military Review affirmed this action. 10 M.J. 615 (1980).

This Court specified the following issue for review:

WHETHER A FENCED[3] STORAGE AREA MAY BE THE SUBJECT OF AN

1. Appellant also pleaded guilty and was found guilty of wrongful appropriation of tools valued at $400.00 which were within this storage area. Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

2. This plea inquiry and an admitted stipulation of fact reveal that appellant entered this storage area by climbing over a fence at the Civil

Engineering Compound at Davis-Monthan Air Force Base, Arizona.

3. The specification attacked for legal sufficiency reads:

Specification: In that Staff Sergeant G.D. Wickersham, United States Air Force, 355 Security Police Squadron, did, at Davis-Monthan Air Force Base, Arizona, on or about 2

UNLAWFUL ENTRY UNDER ARTICLE 134, UCMJ.

We hold that "a storage area of the United States Air Force" may lawfully be the subject of such a charge.

The first question we shall address is whether unlawful entry under any circumstances constitutes a criminal offense for service members. *See generally United States v. Kick,* 7 M.J. 82, 83–84 (C.M.A. 1979). We note that a simple trespass upon the land or personal property of another was not a criminal offense at common law. Nevertheless, it is clear that such a trespass can be made an offense by statute and this has been done in the past under various circumstances. *See* Burdick, *Law of Crime* § 720 (1946). In our military justice system, Congress has the power to designate such criminal offenses. U.S. Const. art. I, § 8, cl. 14.

█ Congress has not expressly prohibited such conduct by service members in any particular penal provision of the Uniform Code of Military Justice. In Article 134 it has proscribed "all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital." In determining what offenses are actually prohibited by this statute, recourse must be had to authoritative interpretations of military law, existing service customs, and common usages. *See United States v. Kick, supra.*

█ Decisions of this Court in *United States v. Gillin,* 8 U.S.C.M.A. 669, 25 C.M.R.

173 (1958), and *United States v. Love,* 4 U.S.C.M.A. 260, 15 C.M.R. 260 (1954), clearly hold that unlawful entry by a servicemember is a criminal offense prohibited by Article 134. Boards of Review have followed these precedents at least on this general point. *See United States v. Witt,* 25 C.M.R. 674 (A.B.R.1958), *rev'd on other grounds,* 26 C.M.R. 517 (1958); *United States v. Esposito,* 21 C.M.R. 406 (A.B.R. 1956), *pet. denied sub nom., United States v. Reil,* 7 U.S.C.M.A. 771, 22 C.M.R. 331 (1956). Prior to the enactment of the Uniform Code of Military Justice, unlawful entry was acknowledged as a criminal offense under Article of War 96 (1920).[4] Finally, the Manual for Courts-Martial, U.S. Army, 1949, recognized that unlawful entry was an offense under this Article of War.[5] Accordingly, we hold that unlawful entry was intended by Congress to be an offense under Article 134. *See United States v. Kick, supra.*

The critical issue in this case may now be properly addressed. The question is whether "a storage area of the United States Air Force" located on base may lawfully be the subject of such an unlawful-entry charge under Article 134. As indicated above, the Uniform Code of Military Justice provides no particular answer to this question. Accordingly, we must again turn to the other sources of military law to resolve this issue.

In *United States v. Love, supra* at 262, 15 C.M.R. at 262, this Court held that a tent was a proper subject of an unlawful-entry charge under Article 134. The Court accepted the conclusion of the drafters of the

February 1980, unlawfully enter a storage area of the United States Air Force.

The existence of a fence surrounding the storage area, at least in the District of Columbia, is more particularly relevant to the question of the lawfulness of the entry. *Carson v. United States,* 419 A.2d 996 (D.C.Ct.App.1980); *Bowman v. United States,* 212 A.2d 610 (D.C.Ct. App.1965). This may not necessarily be so in all cases. *See United States v. Selke,* 4 M.J. 293 (C.M.A.1978) (Cook, J., dissenting). In any event, the word "fenced" was not included in the specification nor can it be fairly implied from the language thereof. *United States v. Sell,* 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953).

4. *United States v. Wolsey,* 71 B.R. 339, 341 (JAGH–CM322931) (1947); *United States v. Barnes,* 71 B.R. 223, 233 (JAGN–CM 322500) (1947); *United States v. Munster,* 27 B.R. 293 (CM 243121) (1943). Digest of Opinions of the Judge Advocate General of the Army 1912–1940, § 454 (93) (1942); Digest of Opinions of the Judge Advocate General of the Army, 1912–1930, § 1486 (1932).

5. Para. 117c, Manual for Courts-Martial, U.S. Army, 1949, Table of Maximum Punishments; App. 4, Form 181.

Manual for Courts-Martial, United States, 1951, that Congress in enacting Article 130, UCMJ, 10 U.S.C. § 930, the housebreaking statute, intended the words "building or structure" to include a tent.[6] It also ruled that this Manual definition "necessarily include[d]" those areas which Congress intended to be subject to an unlawful-entry charge under Article 134.

In *United States v. Gillin, supra,* the Court held that an automobile was not a lawful subject of an unlawful-entry charge under Article 134. In "dictum" not expressly joined by the other Judges of the Court, Judge Latimer opined that Congress intended to include only "real property or . . . such form of personal property as is usually used for storage or habitation." *United States v. Gillin, supra* at 672, 25 C.M.R. at 176. His opinion was based on Congress' action in enacting a housebreaking statute and an unlawful-entry statute for the District of Columbia around the time the Uniform Code of Military Justice was enacted.

In *United States v. Breen,* 15 U.S.C.M.A. 658, 659, 36 C.M.R. 156, 157 (1966), the Court held that a servicemember's locker was not a proper subject of an unlawful entry charge under Article 134. Judge Ferguson writing for the majority stated

> the crime of unlawful entry is limited to real property, and the sort of personal property which amounts to a structure used for habitation or storage, *e.g.,* a trailer or van.

He concluded that a locker, even though usually used for storage purposes, was outside the class of property protected by this penal provision.

Appellant, relying on *United States v. Witt, supra,* asserts that "a storage area of the United States Air Force" is not a "building or structure" as contemplated by Congress in Article 130. *Contra, United*

*States v. Esposito, supra.* Accordingly, since unlawful entry is a lesser-included offense of housebreaking, he argues that a storage area necessarily cannot also be the subject of an unlawful-entry charge. *See United States v. Gillin, supra* (Quinn, C.J., concurring in the result). We disagree with the premise of appellant's argument.

The legislative history of Article 130 (housebreaking) clearly indicates that Congress intended this criminal offense to apply under broader circumstances than explained in paragraph 180e, 1949 Manual, *supra. See* Hearings on H.R. 2498 Before a Subcommittee of the House Committee on Armed Services, 81st Cong., 1st Sess., *published in* Index and Legislative History, Uniform Code of Military Justice, 1234 (1949).[7] This Manual provision, repeating language from paragraph 149e, Manual for Courts-Martial, U.S. Army, 1928, stated that this criminal offense under Article of War 93 applied to "the building of another" and was not restricted to "a dwelling house" as was the related offense of burglary. *See* Article of War 93(1920); para. 180-*d,* 1949 Manual, *supra.* Consequently, the word "structure" in Article 130 is not a term primarily intended by Congress to restrict the legitimate subjects of this criminal offense. *See* para. 209, 1951 Manual, *supra;* Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at 288.

Moreover, the Manual for Courts-Martial did not always explain housebreaking in such a limited way. *See* para. 443 (V), Manual for Courts-Martial, U.S. Army, 1921. It earlier noted that Congress in expressly including housebreaking as a criminal offense in Article of War 93 in 1920 did so on the basis of Section 823 of the D.C.Code (1901). This Congressional enactment stated:

---

6. *See United States v. Sutton,* 21 U.S.C.M.A. 344, 45 C.M.R. 118 (1972); *United States v. Hall,* 12 U.S.C.M.A. 374, 30 C.M.R. 374 (1961); *United States v. Taylor,* 12 U.S.C.M.A. 44, 30 C.M.R. 44 (1960).

7. This Legislative History of the Uniform Code of Military Justice in discussing housebreaking refers to paragraph 179e, 1949 Manual, *supra.* However, there was no such provision in this manual. Paragraph 180e, Manual, *supra,* treated housebreaking and Congress inadvertently miscited this provision.

Housebreaking.—Whoever shall, either in the night or in the day time, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building, or any apartment or room, whether at the time occupied or not, or any steamboat, canal boat, vessel, or other water craft, or railroad car, *or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade,* with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be imprisoned for not more than fifteen years.

(Emphasis added.) We believe that Congress in enacting Article 130 and including the term "structure" intended to return to this broad position as to the scope of the housebreaking offense. We also conclude that "a storage area of the United States Air Force" is such a structure because it can reasonably be considered a "yard where" property of the United States Government is "deposited and kept."[8] Accordingly, in light of the decision of this Court in *United States v. Love, supra,* it is also a proper subject of the offense of unlawful entry under Article 134.

We also note that the offense of unlawful entry as a matter of military law was originally based on Section 824, D.C.Code (1901).[9] *See* Digest of Opinions of the Judge Advocate General of the Army 1912–1940, § 454 (93) (1942). This Congressional

enactment limited the offense of unlawful entry to "a private dwelling." In 1935, Congress expanded this criminal provision to include buildings. Act of March 4, 1935, Pub.L.No. 74–18, 49 Stat. 37. In 1952, shortly after the enactment of the Uniform Code of Military Justice, it further amended the statute to include "any public or private dwelling, building or other property or part." Act of July 17, 1952, Pub.L.No. 82–588, 66 Stat. 766. Such legislative activity by Congress with respect to the offense of unlawful entry further buttresses our decision in the present case. *See generally United States v. Breen, supra.*[10]

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COOK concurs.

EVERETT, Chief Judge (dissenting):

Article 129 of the Uniform Code of Military Justice, 10 U.S.C. § 929, prohibits burglary, which it defines as breaking and entering "the dwelling house of another ... in the nighttime ... with intent to commit" specified serious crimes. In turn, Article 130, UCMJ, 10 U.S.C. § 930, proscribes as housebreaking the conduct of a person subject to the Code who "unlawfully enters the building or structure of another with intent to commit a criminal offense therein." Although not specifically defined by the Code, a related but lesser offense—unlawful entry—has long been recognized in military justice as punishable under Article 134, UCMJ, 10 U.S.C. § 934—the general

---

**8.** We reject outright the conclusion of the Army Board of Review in *United States v. Witt,* 25 C.M.R. 674, 677 (A.B.R.1958), *rev'd on other grounds,* 26 C.M.R. 517 (1958), that the words "storage area" and words designating "a ... military organization" together are "inadequate to describe a place ... capable of being the object of a criminal" offense. *See* D.C.Code, § 22–1801(b) (1973).

**9.** Act of March 3, 1901, ch. 854, § 824, 31 Stat. 1324.

**10.** Some inconsistency might be discerned between the position of Judge Latimer in *United States v. Gillin,* 8 U.S.C.M.A. 669, 25 C.M.R. 173 (1954), and Judge Ferguson in *United States v. Breen,* 15 U.S.C.M.A. 658, 36 C.M.R. 156 (1966). In any event, we need not decide

today whether a charge of unlawful entry under Article 134 is under all circumstances a lesser included offense of housebreaking under Article 130. *See United States v. Kearney,* 498 F.2d 61, 63–64 (D.C.Cir.1974); *Stewart v. United States,* 324 F.2d 443 (D.C.Cir.1963). Moreover, we need not decide what particular subjects of unlawful entry might be proper in view of such a decision. *See United States v. Wickersham,* 10 M.J. 615, 617 n. 10 (A.F.C.M.R. 1980); *see also Carson v. United States, supra; Smith v. United States,* 281 A.2d 438 (D.C.Ct. App.1971); *Bond v. United States,* 233 A.2d 506 (D.C.Ct.App.1967); *Bowman v. United States, supra. See generally* D.C.Code § 22–3102 (1973).

**408**

article. *See, e.g., United States v. Love,* 4 U.S.C.M.A. 260, 15 C.M.R. 260 (1954).

Although unlawful entry into a "building or structure of another" is required as an element when the prosecution is for housebreaking, there is no logical necessity that a similar requirement apply in a prosecution for "unlawful entry." Apparently, the draftsmen of the Manual did not believe that a "building or structure" was necessary for commission of this offense, since the form specification for "unlawful entry" includes a "vegetable garden" or an "orchard" among the possible targets of the entry. *See* App. 6c, Form 185, Manual for Courts-Martial, United States, 1969 (Revised edition); App. 6c, Form 174, Manual for Courts-Martial, United States, 1951.

My concern is that, once we go beyond a "building or structure" as the object of the unlawful entry prohibited by Article 134, there is no logical stopping point. What are the unique features of a "vegetable garden," "orchard," or as in the present case, "a storage area"? According to the evidence, appellant entered "a storage area" surrounded by a fence,* but presumably the presence of a fence is not the litmus test. Certainly the Manual does not indicate that the "orchard" or "vegetable garden" must be fenced in order for the unlawful entry to violate the Code.

In short, it appears to me that, under the majority's interpretation, any servicemember who steps into someone's yard without permission may be subject to prosecution for an offense punishable by a punitive discharge and 6 months' confinement. Creating such broad liability without more specific congressional approval is a step I hesitate to take. Moreover, to do so raises questions as to whether the notice given to

the servicemember of his potential criminal liability is adequate to meet the demands of constitutional due process.

The common law has been criticized at times for its emphasis on the protection of buildings—especially dwellings. *Cf. Statutory Burglary—The Magic of Four Walls and a Roof,* 100 U.Pa.L.Rev. 411 (1951). Nonetheless, without clear legislative direction, courts have been reluctant to impose substantial criminal liability for unlawful entry into places which lacked the usual characteristics of a building or structure. *Cf. State v. Gamble,* 286 S.E.2d 804 (N.C.App.1982). Therefore, I must align myself with Chief Judge Quinn's rejection of the view that "under the present wording of the Uniform Code, there can be an unlawful entry into property other than a 'building or structure.'" *United States v. Gillin,* 8 U.S.C.M.A. 669, 672, 25 C.M.R. 173, 176 (1958) (Quinn, C.J., concurring in the result).

Of course, this interpretation does not leave a commander without means to protect his post or vital areas therein. By regulations prohibiting access to an area, he can set the stage for prosecution under Article 92 of the Code, 10 U.S.C. § 892, if the regulation is violated. In some instances, an unauthorized entry may be prosecuted as an attempt to commit an intended crime, *cf.* Article 80, UCMJ, 10 U.S.C. § 880; and a commander may utilize powers conferred upon him by other statutory provisions. *See, e.g.,* 18 U.S.C. §§ 1382, 1857; 50 U.S.C. § 797.

Since the providence inquiry made clear that appellant was not guilty of unlawful entry, I would set aside the plea and the findings of guilty and dismiss Charge I.

* However, no reference was made to a fence in the specification.