*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS

## FOR THE ARMED FORCES

_____

**UNITED STATES**
Appellee

**v.**

**Nathan C. WILSON, Specialist**
United States Army, Appellant

**No. 16-0267**
Crim. App. No. 20140135

Argued October 26, 2016—Decided January 13, 2017

Military Judge: Charles A. Kuhfahl Jr.

For Appellant: *Captain Matthew L. Jalandoni* (argued); *Lieutenant Colonel Charles D. Lozano* and *Captain Heather L. Tregle* (on brief)*; Major Christopher D. Coleman* and *Captain Amanda R. McNeill Williams*.

For Appellee: *Captain John Gardella* (argued); *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III,* and *Major John K. Choike* (on brief); *Major Cormac M. Smith*.

Judge RYAN delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, OHLSON, and SPARKS, joined.

_____

Judge RYAN delivered the opinion of the Court.

Consistent with Appellant's pleas, Appellant was convicted by a military judge sitting as a general court-martial of two specifications of possessing a controlled substance and one specification of larceny of military property in violation of Articles 112a and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 921 (2012). Appellant was also convicted, contrary to his pleas, of one specification of housebreaking in violation of Article 130, UCMJ, 10 U.S.C. § 930 (2012). He was sentenced to a bad-conduct discharge, confinement for twenty-one months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On appeal under Article 66, UCMJ, 10 U.S.C. § 866 (2012), the United States Army Court of Criminal Ap-

peals (ACCA) modified the Specification of the Additional Charge, affirmed the modified Additional Charge and its Specification, and affirmed the remaining findings of guilty and approved sentence. *United States v. Wilson*, No. ARMY 2040135, 2015 CCA LEXIS 544, 2015 WL 7568203 (A. Ct. Crim. App. Nov. 18, 2015). We granted Appellant's petition to review the following issue personally asserted by Appellant:

> Whether the military judge erred in denying the defense motion for appropriate relief under Rule for Court[s]-Martial 917 where the military judge improperly applied Article 130, UCMJ, housebreaking, to a motor pool.

Housebreaking requires, inter alia, unlawful entry into a building or structure. A motor pool without walls or a roof, whether fenced or not, is obviously not a building. The decisional issue, therefore, turns on whether a fenced motor pool is a "structure" for the purposes of Article 130, UCMJ. We hold that it is not.

## I. FACTS

On October 6, 2013 at Fort Benning, Georgia, Appellant and his friend, Private First Class (PFC) Rashid Bradley, entered the 3rd Brigade Special Troops Battalion (3rd BSTB), 3rd Armored Brigade Combat Team motor pool. Appellant and PFC Bradley climbed over the fence surrounding the motor pool because the front gate was locked with a chain. They entered with the intent to steal batteries from the motor pool and sell them for money at a scrap yard.

The 3rd BSTB motor pool on Fort Benning is a concrete lot completely surrounded by a fence. The motor pool is used for the storage and maintenance of military property, including vehicles. It contains several bays, which are covered buildings with walls and roofs, and is used for the storage of military property. The batteries that Appellant and PFC Bradley stole were not in a bay, but rather were located on a pallet outside a bay. Appellant did not enter the bay itself, nor did he cut any locks, open any doors, or climb through the windows of any building.

## II. PROCEDURAL POSTURE

Article 130, UCMJ, provides that "[a]ny person subject to this chapter who unlawfully enters the building or structure of another with intent to commit a criminal offense therein is guilty of housebreaking and shall be punished as a court-

martial may direct." Article 130, UCMJ, 10 U.S.C. § 930 (2012). According to the President's explanation in the *Manual for Courts-Martial*, "structure" refers only to those structures in the nature of a building or dwelling. *Manual for Courts-Martial, United States* pt. IV, para. 56.c.(4) (2012 ed.) (*MCM*).

At trial, Appellant made a motion for a finding of not guilty under Rules for Courts-Martial (R.C.M.) 917. Appellant argued that the 3rd BSTB motor pool did not qualify as a structure under Article 130, UCMJ. Appellant maintained that because the motor pool was not a structure, climbing the fence into a motor pool was at most unlawful entry, but could not be housebreaking. The military judge concluded that a fenced motor pool was a structure for the purposes of Article 130, UCMJ, and denied Appellant's R.C.M. 917 motion. Appellant was subsequently found guilty of housebreaking.

On appeal, Appellant again argued that housebreaking, under Article 130, UCMJ, is not applicable to a fenced motor pool, because it is not a structure. The CCA issued a summary disposition rejecting Appellant's argument and affirming his conviction. *Wilson*, 2015 CCA LEXIS 544, at *1, *4–5, 2015 WL 7568203, at *1,*2.

## III. DISCUSSION

R.C.M. 917(a) provides that:

> The military judge, on motion by the accused or *sua sponte*, shall enter a finding of not guilty of one or more offenses charged after the evidence on either side is closed and before the findings on the general issue of guilt are announced if the evidence is insufficient to sustain a conviction of the offense affected.

We review questions of legal sufficiency de novo. *United States v. Oliver*, 70 M.J. 64, 68 (C.A.A.F. 2011). When reviewing for legal sufficiency, we consider " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In this case legal sufficiency turns on the question whether the motor pool at issue falls within the definition of "structure" for purposes of Article 130, UCMJ. We review

questions of statutory construction de novo. *United States v. Atchak*, 75 M.J. 193, 195 (C.A.A.F. 2016). "[I]t is axiomatic that in determining the scope of a statute, we look first to its language." *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015) (alterations in original) (internal quotation marks omitted) (*quoting United States v. Kearns*, 73 M.J. 177, 181 (C.A.A.F. 2014)). The President has the power to prescribe regulations for trial procedures, including modes of proof, for cases arising under the UCMJ. Article 36, UCMJ, 10 U.S.C. § 836 (2012). This power does not extend to Part IV of the *MCM*, and we are not bound by the President's interpretation of the elements of substantive offenses. *United States v. Davis*, 47 M.J. 484, 486 (C.A.A.F. 1998) (citing *United States v. Mance*, 26 M.J. 244, 252 (C.M.A. 1988)). However, when the President's narrowing construction of a statute does not contradict the express language of a statute, it is entitled to some deference, and we will not normally disturb that construction. *See Murphy*, 74 M.J. at 310 (citing *Davis*, 47 M.J. at 486–87); *see also United States v. Mance*, 26 M.J. 244, 252 (C.M.A.1988) (*overruled on other grounds by United States v. Payne*, 73 M.J. 19, 25 (C.A.A.F. 2014)) (concluding that while the President's explanations are "important, they are not binding on this Court in fulfilling our responsibility to interpret the elements of substantive offenses").

Appellant contends that the military judge erred by concluding the motor pool was a structure subject to housebreaking. We agree. Both the commonsense meaning of "structure" within a housebreaking offense and the limiting language of the *MCM* leave us with no doubt that an open-air fenced area like the 3rd BTSB motor pool does not fall within the scope of Article 130, UCMJ, because it is not a structure in the nature of a building or dwelling. *See MCM* pt. IV, para. 56.c.(4).

The unabridged *Webster's Dictionary's* definition of "structure" is not particularly helpful standing alone: "something constructed or built." *Webster's Third New International Dictionary of the English Language, Unabridged* 2267 (2002). This could include any number of "built" things, including everything from a house to a LEGO Star Wars TIE fighter ship.[1] *Black's Law Dictionary's* definition might also

---

[1] LEGO is a line of plastic construction toys manufactured by The Lego Group, a privately held company based in Denmark. LEGO sells sets of interlocking plastic bricks that are combined to

include such LEGO projects, but is rather more helpful. It defines a "structure" as "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together." *Black's Law Dictionary* 1650 (10th ed. 2014); *see also United States v. Taylor*, 30 C.M.R. 44, 45 (C.M.A. 1960) (considering a similar definition).

But additional context is needed to determine what kind of "structure" Article 130, UCMJ, applies to. The President's explanation makes clear that Article 130, UCMJ, does not concern anything and everything that is composed of parts "purposefully joined together." *Black's Law Dictionary*, *supra* at 1650. For if that were true it might well apply, despite commonsense and the inclusion of the word "House" in the statutory heading, to the LEGO project mentioned earlier. *See Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 528–29 (1947) (concluding that the heading of a statute cannot undo the plain meaning of a text, but can shed light on ambiguity). After all, the LEGO bricks would be "purposefully joined together." The *MCM* is instructive in this regard, as it provides the following clarification of the terms "building" and "structure":

> "Building" includes a room, shop, store, office, or apartment in a building. "Structure" refers *only* to those structures which are in the nature of a building or dwelling. Examples of these structures are a stateroom, hold, or other compartment of a vessel, an inhabitable trailer, an in-closed truck or freight car, a tent, and a houseboat. It is not necessary that the building or structure be in use at the time of the entry.

*MCM* pt. IV, para. 56.c.(4) (emphasis added).

The President's explanation provides a nonexclusive list of examples of buildings and "structures which are in the nature of a building or dwelling." *MCM* pt. IV, para. 56.c.(4). Under the canon of *expressio unius est exclusio alterius*, the

---

create a range of miniature constructions. LEGO frequently releases such sets with licensed themes from the science-fantasy franchise *Star Wars*. One example of such a product is a recreation of the TIE Fighter, a small Imperial fighter powered by twin ion engines without life support or hyperdrive capabilities. *See* LEGO Shop, TIE Fighter, https://shop.lego.com/en-US/TIE-Fighter-75095 (last visited Jan. 10, 2017).

enumerated list suggests that any structure "in the nature of a building or dwelling" must fit within the sort of examples listed in the President's explanation. *See, e.g., United States v. Cline*, 29 M.J. 83, 86 (C.M.A. 1989)*; United States v. Kick*, 7 M.J. 82, 88–89 (C.M.A. 1979) (Perry, J., dissenting). The enumerated areas are all enclosed spaces that serve the same purpose as a building or dwelling, even if some are moveable or temporary rather than fixed and permanent. Moreover, the unabridged *Webster's Dictionary* defines a building as:

> a constructed edifice designed to stand more or less permanently, covering a space of land, usually covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure—distinguished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy.

*Webster's Third Unabridged Dictionary*, *supra* at 292. A dwelling is "a building or construction used for residence." *Id.* at 706.

Given the above, we are satisfied that the meaning of a "structure" for the purposes of Article 130, UCMJ, is a more or less permanent constructed edifice, built up of parts purposefully joined together, more or less completely enclosed by walls and covering a space of land, or a building or construction intended to be or used for residence. The 3rd BSTB motor pool at issue here does not fit within this description, even if the bays within it would. It is a concrete pad surrounded by a fence. The fences are not joined together such that they resemble the "enclosure" of a building, nor are they joined by a roof. *Cf. United States v. Wickersham*, 14 M.J. 404, 408 (C.M.A. 1983) (Everett, C.J., dissenting) ("My concern is that, once we go beyond a 'building or structure' as the object of the unlawful entry . . . there is no logical stopping point. . . . [P]resumably the presence of a fence is not the litmus test."). Neither are they a "permanent structure," as the fences can be easily moved or removed, unlike a motor pool bay. Nor is there any evidence in the record that the motor pool was either intended or suited to be a locale or venue where persons would take up residence. *United States v. Hall*, 12 C.M.A. 374, 375, 30 C.M.R. 374, 375 (1961) (Fer-

guson, J., concurring in the result) ("In order to [be a structure in the nature of a building or dwelling], it is obvious that a railroad car must be performing the function of storage or be utilized as a living space when the breaking and entering occurs."). The mere presence of a fence cannot transform an outdoor area into a structure in the nature of either a building or a dwelling.

## IV. JUDGMENT

We hold that the 3rd BSTB motor pool is not a "structure" or a "dwelling" as contemplated by Article 130, UCMJ, because it is not an enclosed space in the same way that a building is and is not a place where persons would take up residence. *Wickersham* is inapposite because it dealt with unlawful entry under Article 134, UCMJ, 10 U.S.C. § 934 (2012), rather than housebreaking under Article 130, UCMJ. 14 M.J. at 404. To the extent that *Wickersham* is inconsistent with this holding, it is overruled.

The military judge erred in failing to grant Appellant's R.C.M. 917 motion, as Appellant's conviction is legally insufficient. No rational trier of fact could have found, beyond a reasonable doubt, that Appellant was guilty of housebreaking for entering the motor pool because the motor pool is not a "building or structure" as contemplated by Article 130, UCMJ. Accordingly, the decision of the United States Army Court of Criminal Appeals is reversed. Charge I and its Specification are dismissed. The record of trial is returned to the Judge Advocate General of the Army for remand to that court to determine whether a reassessment of the sentence or a sentence rehearing is appropriate.[2]

---

[2] In this context, we note that the housebreaking charge carried a maximum punishment of a dishonorable discharge, forfeiture of all pay and allowances, and five years' confinement. *MCM* pt. IV, para. 56.e.